UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | CIVIL ACTION NO. 05-702(SLR)<br><br><br><br><br><br><br><br>CLASS ACTION |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

As permitted by Local Rule 7.1.2(c), plaintiffs hereby notify the Court of a recent decision in a similar case that is relevant to the pending motion to dismiss. (D.I. 11).

This is a class action on behalf of persons who were participants in the Conectiv Retirement Plan, as amended and restated effective January 1, 1999, and who had their accrued benefit determined under the Conectiv Cash Balance Sub-Plan effective as of January 1, 1999 instead of a predecessor plan. The plaintiffs have asserted a variety of claims, including a claim under Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H). Specifically, plaintiffs have asserted that the Conectiv Cash Balance Sub-Plan violates Section 204(b)(1)(H) because the rate at which a participant accrues benefits under the plan decreases as the participant's age increases. (D.I. 1, ¶ 50).

The United States District Court for the District of Connecticut recently issued a ruling on the same issue, *Richards v. FleetBoston Financial Corp.*, No. 3:04-cv-1638, slip

op. at 9-28 (D. Conn. Mar. 31, 2006), a copy of which is attached hereto as Exhibit A. The analysis of Section 204(b)(1)(H) by the Court in *Richards* is relevant to the arguments plaintiffs have made in support of this claim in opposition to defendants' motion to dismiss. (*See* D.I. 16 at 20-28).[1]

DATED: April 10, 2006

Respectfully submitted,

CHIMICLES & TIKELLIS LLP

By: /s/ 
Pamela S. Tikellis (#2172)
Robert J. Kriner (#2546)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
302-656-2500 (telephone)
302-656-9053 (fax)
    and
James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs

---

[1] The Court in *Richards* also addressed another claim that plaintiffs have asserted here. In their complaint, plaintiffs have alleged that the plan violates Section 204(b)(1)(A), (B), (C), 29 U.S.C. § 1054(b)(1)(A), (B), (C). (D.I. 1, ¶¶ 44-45). The *Richards* Court's discussion of that claim is distinguishable, as the plaintiffs there sought to test compliance with ERISA's accrual requirements by comparing benefits under the pre-amendment plan with benefits under the post-amendment plan. *Richards*, slip op. at 31-33. Here, plaintiffs are arguing that the post-amendment plan violates ERISA's accrual requirements based upon the manner in which benefits have accrued after the amendment, not by comparing benefits under the old formula with benefits under the new formula. (D.I. 16 at 7-12).