IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | NO. 05-702 (SLR) |
| PEPCO HOLDINGS, INC.; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, | : : : | |
| Defendants | : : | |

## DEFENDANTS' MOTION FOR CLARIFICATION AND/OR RE-ARGUMENT OF MEMORANDUM OF OPINION AND ORDER

Pursuant to Delaware Local Rule 7.1.5, Defendants Pepco Holdings, Inc., Conectiv, and Pepco Holdings Retirement Plan, by and through their undersigned counsel, hereby respectfully request that the Court clarify and/or reconsider the Court's Memorandum of Opinion and Order dated June 12, 2006.

On June 12, 2006, the Court considered Defendants' Motion to Dismiss (D.I. 11), explaining that such motion was "based in part on the applicable statute of limitations." *See* Memorandum of Opinion (D.I. 24 at 1). The Court then issued its Memorandum of Opinion and Order (D.I. 25), denying Defendants' Motion to Dismiss. In denying the Motion to Dismiss, the Court, focused solely on the statute of limitations issue, and concluded that there was insufficient evidence in the record to determine when Plaintiffs' claims accrued. (D.I. 24 at 4-7)

In addition to the statute of limitations argument contained in Defendants' Motion to Dismiss (the first argument in the Motion to Dismiss), however, Defendants also presented substantive arguments in their Opening Brief as to why each of the four counts of Plaintiffs'

Complaint, even if timely, should be dismissed on the merits of each such cause of action as a matter of law. (*Id.* at 13-36)

Defendants' second argument of their Opening Brief was that Plaintiffs' claim in Count II, that Plaintiffs' benefits were reduced on account of their increased age in violation of ERISA,[1] fails as a matter of law because any reduction in benefits was due solely to changing interest rates, and would be reversed if interest rates changed again. (*Id.* at 13-14)[2]

Defendants' third argument was that Count III, which attacks the cash balance design as violating ERISA's provision concerning age discrimination in the rate of benefit accrual,[3] fails to state a claim because that provision applies only to those participants who have attained normal retirement age or because the rate of benefit accrual in a cash balance plan can be measured by the additions to the cash balance account. (*Id.* at 14-32)[4]

Defendants' fourth argument was that Count I, Plaintiff's claim that the Plan violates the "anti-backloading" provisions of ERISA[5] is legally deficient because the Plan does, in fact, satisfy these provisions. (*Id.* at 32-34)[6]

---

[1]  Count II is brought under Section 204(b)(1)(G), 29 U.S.C. § 1054(b)(1)(G).

[2]  Plaintiffs responded to Defendants' argument regarding Count II in their Answering Brief. (D.I. 16 at 15-20) Defendants responded to Plaintiffs in their Reply Brief. (D.I. 18 at 7-9).

[3]  Count III is brought under ERISA Section 204(b)(1)(H), 29 U.S.C. § 1054(b)(1)(H).

[4]  Plaintiffs responded to Defendants' argument regarding Count III in their Answering Brief. (D.I. 16 at 20-28) Defendants responded to Plaintiffs in their Reply Brief. (D.I. 18 at 9-13)

[5]  Count I is under ERISA Section 204(b)(1), 29 U.S.C. § 1054(b).

Finally, Defendants' fifth argument was that Count IV, relating to the timing of the notice of the cash balance amendment,[7] should be dismissed for failure to state a claim because the content of the notice was sufficient and the notice was delivered 15 days before the first business day under the amendment. (*Id.* at 34-36)[8]

These substantive arguments are appropriate to be raised and decided on a motion to dismiss. *See, e.g., Register v. PNC Fin. Servs. Group, Inc.*, No. 04-CV-6097, 36 EBC 1321, 2005 WL 3120268 (E.D. Pa. Nov. 21, 2005). In *Register*, the Eastern District of Pennsylvania granted Defendants' motion to dismiss all claims against a defendant's cash balance plan, including three of the four claims involved in this case, namely: alleged violations of ERISA Section 204(b)(1)(H)'s age discrimination provision, alleged violations of the anti-backloading rules in ERISA Sections 204(b)(1)(A)-(C), and alleged violations of the plan amendment notice requirements of ERISA Section 204(h).

In light of the fact that the Court's Memorandum of Opinion addressed the statute of limitations argument but not the four substantive arguments on the merits that Defendants raised in their Opening Brief in support of their Motion to Dismiss, Defendants respectfully request that the Court clarify its Order. Specifically, Defendants request that the Court clarify its Order so as to indicate that Defendants' Motion to Dismiss is denied only in part on the basis of

---

(continued...)

[6] Plaintiffs responded to Defendants' argument regarding Count I in their Answering Brief. (D.I. 16 at 7-15) Defendants responded to Plaintiffs in their Reply Brief. (D.I. 18 at 13-15)

[7] Count IV was brought pursuant to ERISA Section 204(h), 29 U.S.C. § 1054(h).

[8] Plaintiffs responded to Defendants' argument regarding Count IV in their Answering Brief. (D.I. 16 at 29-32) Defendants responded to Plaintiffs in their Reply Brief. (D.I. 18 at 15-16)

the statute limitations argument, and that the Court will issue its decision on the remaining arguments on the substantive merits of the Motion to Dismiss in due course. In the alternative, Defendants respectfully request re-argument of the remaining four substantive arguments of their Motion to Dismiss.

Respectfully submitted,

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Susan K. Hoffman *(pro hac vice)*
Larry R. Wood, Jr.
Kay Kyungsun Yu *(pro hac vice)*
Barak A. Bassman *(pro hac vice)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000 (telephone)
215-981-4750 (fax)

Attorneys for Defendants

Dated: June 19, 2006

## CERTIFICATE OF SERVICE

I, M. Duncan Grant, hereby certify that on June 19, 2006, a true and correct copy of the foregoing Defendants' Motion For Clarification And/Or Re-Argument Of Memorandum Of Opinion And Order was served upon the following in the manner indicated:

Pamela S. Tikellis  
Robert J. Kriner, Jr.  
A. Zachary Naylor  
Robert R. Davis  
CHIMICLES & TIKELLIS LLP  
One Rodney Square  
P.O. Box 1035  
Wilmington, DE 19899  
*(via e-filing)*

Attorneys for Plaintiffs

James R. Malone, Jr.  
Joseph G. Sauder  
One Haverford Centre  
361 West Lancaster Avenue  
Haverford, PA 19041  
*(via e-filing)*

/s/ M. Duncan Grant  
M. Duncan Grant (#2994)  
PEPPER HAMILTON LLP  
Hercules Plaza, Suite 5100  
1313 N. Market Street  
P.O. Box 1709  
Wilmington, DE 19899-1709  
(302) 777-6500 (telephone)  
(302) 421-8390 (fax)