## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | C. A. NO. 05-702(SLR)<br>(Lead Case) |

## PLAINTIFFS' REPORT UNDER FED. R. CIV. P. 26(f)

Plaintiffs submit this report pursuant to Fed. R. Civ. P. 26(f) to advise the Court on the planning meeting held by the parties under Rule 26(f) and D. Del. L. R. 16.2:

1.     On July 10, 2006, the parties met to address their obligations under Rule 26(f) and D. Del. 16.2, in anticipation of the conference scheduled with the Court for August 2, 2006. The meeting was conducted at the Philadelphia office of Pepper Hamilton LLP. Plaintiffs were represented by James R. Malone, Jr. and Joseph G. Sauder (in person), and A. Zachary Naylor (telephonically) of Chimicles & Tikellis LLP. Defendants were represented by Susan Katz Hoffman, Larry R. Wood, Jr. and Kay Kyungsun Yu of Pepper Hamilton LLP.

2.     In advance of the meeting, plaintiffs' counsel circulated to defendants' counsel:

a)     a proposed Stipulation and Order that provided for the consolidation of the two pending class actions and the appointment of interim class counsel under Fed. R. Civ. P. 23(g)(2)(A);

b)     a proposed Stipulation and Order that would govern the handing of confidential materials produced during discovery;

c)    a copy of this Court's ediscovery protocol.

3.    Prior to the parties' planning meeting, plaintiffs' counsel prepared an outline for a scheduling order, which was designed to have these actions ready for trial in October 2007. Based upon the parties' planning meeting, plaintiffs' counsel concluded that their initial scheduling proposal would not be feasible.

4.    At the commencement of the planning meeting, plaintiffs' counsel were advised as follows:

a)    Defendants lack an "institutional memory" of the facts surrounding the adoption of the Cash Balance Sub-Plan;

b)    Defendants are having grave difficulties locating the documents relevant to the adoption of the Cash Balance Sub-Plan, due in part to the relocation of Conectiv's Human Resources Department from 800 King Street to 630 Martin Luther King, Jr. Boulevard, and defendants believe that relevant documents may have been destroyed;

c)    Although Pepper Hamilton LLP had represented Conectiv in connection with the adoption of the Cash Balance Sub-Plan, its files had not yet been retrieved from storage to determine whether they contain documents that would be relevant to this action;

d)    As an example, we were advised that the first time defendants had seen the form of notice that Conectiv had issued to advise participants that it planned to adopt the Cash Balance Sub-Plan in the course of this litigation was when plaintiffs submitted a copy of notice with their brief in opposition to the defendants' motion to dismiss. (*See* D.I. 17).

e)    Defendants did not believe they would have any electronic data due to the passage of time, although third parties, such as actuaries might.

2

f)      Plaintiffs' counsel were advised that it would not be until sometime in September that defendants would have a firm grasp on the extent of their clients' documents could be located.

5.      Since plaintiffs' initial outline for a scheduling order was premised upon the commencement of  documentary discovery shortly after the scheduling conference, and the assumption that most documents would be produced from defendants' files by the end of September, plaintiffs' counsel concluded that their original outline for a schedule was unworkable. In light of the state of defendants' documents, we currently are proposing a schedule that would have these cases ready for trial in January of 2008 to account for delays in defendants' production of documents, the prospect that more third party discovery may be necessary, and the prospect that discovery of records custodians may now be necessary.

6.      **Pretrial Disclosures.** Plaintiffs indicated at the planning meeting that they would endeavor to serve their pretrial disclosures in the week of July 10th, and they served their disclosures on July 14, 2006. (D.I. 32). Plaintiffs' counsel is in the process of preparing the documents in the custody of the plaintiffs for production. Based upon the discussion held at the parties' planning meeting, we anticipate that defendants will serve their initial disclosures in September, but they have not yet provided a firm date for doing so.

7.      **Discovery.**

a)      *Topics.* Plaintiffs anticipate that discovery will be needed on the following subjects:  the reasons for adoption of the Cash Balance Sub-Plan; the extent to which defendants expected the Cash Balance Sub-Plan to result in lower benefit accruals; the communications from Conectiv to participants concerning adoption of the change; the nature and extent of the plan's liabilities to class members under the terms of the Cash Balance Sub-Plan and its predecessors; the rate at which participants have accrued benefits under the Cash Balance Sub-Plan for each plan

3

year; the propriety of class action treatment; and the appropriate remedies for defendants' alleged violations of ERISA. Plaintiffs' counsel do not believe that this Court's order staying Count III of the complaint will materially alter the relevant topics on which discovery will be needed.

        b)    Based upon the parties' planning meeting, plaintiffs do not understand the defendants to dispute that the foregoing topics are generally relevant to this action. One disputed area was identified at the conference. Defendants are of the view that discovery should be bifurcated, with class certification discovery conducted first, and merits discovery conducted later. Plaintiffs' counsel disagree with this approach. We believe that in this case there will be significant overlap between the facts relevant to the ultimate merits and the facts relevant to class treatment. In deciding the class motion, the Court does not decide the ultimate merits, but it does need to have a reasonable understanding of what the issues are on the merits, so that it may assess the ability of the plaintiffs to present the claims based upon common proof. As the *Manual for Complex Litigation* observes,

> Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed. *There is not always a bright line between the two.* Courts have recognized that information about the nature of the claims on the merits and the proof they require is important in deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification emphasizes.

*Manual for Complex Litigation (Fourth)* § 21.141 at 256 (2004)(emphasis supplied).

        c)    *Schedule.* Plaintiffs propose that all discovery be concluded by July 25, 2007.

        d)    *Limitations.* Plaintiffs suggest that a maximum of 50 interrogatories be permitted for each party. Plaintiffs do not suggest a limitation on requests for admissions at this time. On depositions,  based upon the investigation they have conducted in connection with this

matter, plaintiffs' counsel do believe that more than 10 depositions will be needed. As we do not yet have a list of witnesses with knowledge relevant to this action from the defendants, we suggest that the parties meet and confer on the appropriate number of depositions within 30 days after defendants conclude production of documents. This will provide counsel with the opportunity to review the documents produced in discovery to identify potential witnesses. Plaintiff's proposed scheduling order contemplates that the parties would address any depositions that would require a duration longer than 8 hours at the same time, and it provides for the parties to file a report with the Court so that any disputes relating to the number and duration of depositions can be addressed.

        e)     *Protective Order.* The parties reached agreement on a form of protective order, which has since been approved by the Court.

        f)     *Disputes.* Plaintiffs believe that the Court's standard provisions are appropriate.

        8.     **Joinder of Parties, Amendment of Pleadings, and Class Certification.**

        a)     *Adding Parties and Amending Pleadings.* Plaintiffs suggest that the deadline for motions to join parties, or amend pleadings be set for December 5, 2006. This deadline is intended to give plaintiffs an opportunity to evaluate defendants' documents and any documents obtained through third party discovery so that an informed decision on adding parties or amending can be made.

        b)     *Class Certification.* Plaintiffs suggest that they file their motion for class certification on or before January 12, 2007, and that all discovery relevant to class certification, including any expert discovery, be concluded by March 16, 2007. Plaintiffs propose that defendants file their opposition to the class certification motion by March 30, 2007, and that plaintiffs file their reply by April 20, 2007. This schedule is designed to assure that substantial

documentary discovery will be concluded in advance of the class certification motion. It is also designed to accommodate this Court's order staying Count III pending a decision in *Register v. PNC Finance Service Group,* No. 05-5445 (3d Cir.). According to the docket in *Register,* all briefing was concluded in May, so that a disposition between now and January is conceivable.

        c)    *Interim Appointment of Class Counsel.* As noted above, in advance of the planning meeting, plaintiffs' counsel forwarded a stipulation providing for consolidation of the two cases and the appointment of interim class counsel under Fed. R. Civ. P. 23(g)(2)(A). While defendants were amenable to consolidation, they were not amenable to the appointment of interim class counsel. Plaintiffs believe an interim appointment is appropriate. First, The committee note for Rule 23(g) explicitly notes that one of the purposes for appointing interim class counsel is to clarify the role of counsel in settlement discussions. Fed. R. Civ. P. 23(g), committee note. The local rules of Court explicitly direct that the parties discuss settlement as part of their preparation for the initial conference. D. Del. L.R. 16.2(d). This Court's standard form of pretrial order also refers cases to Magistrate Judge Thynge for exploration of settlement. Under these circumstances, appointment of interim class counsel is appropriate. It will make clear that plaintiffs' counsel is authorized to act on behalf of the class pending formal certification, and will not prejudice defendants. Interim appointment of class counsel may also provide additional comfort to class members that any communication that they wish to have with plaintiffs' counsel is protected by privilege. As defendants will not agree to an interim appointment, plaintiffs will file an appropriate motion shortly following the conference.

        9.    **Settlement/Settlement Conference.** As required by the local rules, the parties discussed settlement at their planning meeting. As we understand defendants' position, they are not interested in discussing a class-wide settlement at this time. Plaintiffs are not in a position to make a formal settlement proposal, as they would want to have a more developed understanding

of the facts before doing so. Plaintiffs agree a settlement conference should be held in this case; it probably should await at least some discovery from defendants.

10.    **Summary Judgment.**  Plaintiffs propose that all summary judgment motions be served and filed with an opening brief on or before August 22, 2007, and that no summary judgment motion be filed more than 10 days from the above date without leave of the Court. Plaintiffs suggest that responsive briefs be due October 8, 2007, and replies be due November 5, 2007. Plaintiffs suggest this briefing schedule as these actions present fairly technical issues under ERISA and the Internal Revenue Code. Plaintiffs also suggest that to the extent that any party contends that a challenge to the admissibility of expert evidence is relevant to the determination of any summary judgment motion, they should file their *Daubert* motion on or before August 22, 2007, and that the parties' briefing of all such *Daubert* motions be on the same schedule as their briefing of  summary judgment motions.

11.    **Motions in limine.**  With the exceptions of *Daubert* motions that relate to a summary judgment motion, plaintiffs suggest that all motions *in limine* be filed on or before December 28, 2007 and that responses be filed on or before January 7, 2008.

12.    **Pretrial Conference.** Plaintiffs suggest a pretrial conference be held on or after January 14, 2008.

13.    **Trial.** Plaintiffs suggest that trial commence on or after January 28, 2008. A one week bench trial is currently anticipated.

14.    **Other matters.** At the parties' planning meeting, the defendants advised plaintiffs that they believe a complex designation is appropriate for this action under D. Del. L.R. 16.3. Plaintiffs considered the issue at the time they filed their complaints. Having re-examined the issue following the parties' planning meeting, we do not believe the complex designation is appropriate. While the subject matter of the action is technical, it does not include a particularly large number

of parties, nor does it appear to involve any foreign discovery. The number of relevant witnesses is not presently known, as defendants are still in the process of preparing their disclosures, and the volume of relevant documents are also not presently known. Based upon the information that we currently have, however, plaintiffs' counsel do not believe the case is complex within the meaning of D. Del. L. R. 16.1.

Dated: July 31, 2006                    **CHIMICLES & TIKELLIS LLP**

                                            By:    /s/ A. Zachary Naylor
                                                Pamela S. Tikellis (#2172)
                                                  Robert J. Kriner, Jr. (#2546)
                                                  A. Zachary Naylor (#4439)
      One Rodney Square
      P.O. Box 1035
      Wilmington, DE 19899
      302-656-2500 (telephone)
      302-656-9053 (fax)

      **CHIMICLES & TIKELLIS LLP**
      James R. Malone, Jr.
      (Appearing *pro hac vice*)
      Joseph G. Sauder
      (Appearing *pro hac vice*)
      One Haverford Centre
      361 West Lancaster Avenue
      Haverford, PA 19041
      610-642-8500 (telephone)
      610-649-3633 (fax)