UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

## DEFENDANTS' PROPOSED SCHEDULING ORDER

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The plaintiffs served their pretrial disclosures on July 14, 2006. Defendants have indicated that they are in the process of identifying the documents in their custody or control relevant to these actions. Accordingly, they will furnish the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2 by September 8, 2006.

2. **Discovery.**

   (a) Discovery will be conducted in the following stages:

       i. Discovery relevant to class certification;

       ii. Discovery relevant to the merits of Counts I, II, and IV on the following subjects: the extent to which defendants and/or plaintiffs

        expected the Cash Balance Sub-Plan to result in lower or higher benefit accruals; the communications from Conectiv to participants concerning adoption of the change; the nature and extent of the plan's liabilities to plaintiffs under the terms of the Cash Balance Sub-Plan and its predecessors; the rate at which participants have accrued benefits under the Cash Balance Sub-Plan for each plan year; and the appropriate remedies for the alleged violations of ERISA;

   iii. Pursuant to the Court's Order and Memorandum of Opinion dated July 11, 2006, discovery relevant to Count III is stayed pending a ruling from the Third Circuit on Register v. PNC Finance Services Group, Inc., No. 04-CV-6097, 2005 WL 3120268 (E.D. Pa. Nov. 21, 2005), *appeal pending*, No. 05-3588 (3d Cir. filed Dec. 20, 2005).

(b) Discovery shall be completed in accordance with the following schedule:

   i. All discovery relevant to class certification shall be commenced in time to be completed by January 5, 2007;

   ii. All discovery relevant to the merits of Counts I, II, and IV shall be stayed until the Court's decision on class certification, shall commence immediately after the Court's decision on class certification, and shall be commenced in time to be completed within four (4) months after the Court's decision on class certification.

(c) Maximum of 25 interrogatories by each party to any other party.

(d) No limits will be imposed upon requests for admissions at this time.

(e) The parties shall meet and confer on the number of depositions and the durational limits on depositions within 30 days after defendants serve their pre-trial disclosures on or about September 8, 2006. The parties shall thereafter promptly submit a report on the results of that conference to the Court so that any disagreement between them may be addressed.

(f) Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of parties pursuant to their conference or by Order of the Court.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due within sixty (60) days of the Court's decision on class certification. Rebuttal expert reports due thirty (30) days thereafter.

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**

(a) All motions to join other parties and amend the pleadings shall be filed on or before December 5, 2006.

(b) Plaintiffs shall file their motion for class certification on or before January 12, 2007. Defendants shall file their opposition to the class certification motion by February 16, 2007, and plaintiffs shall file their reply by March 9, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief within thirty (30) days after the close of discovery. No summary judgment motion may be filed more than 10 days from the above date without leave of the Court. Responsive briefs shall be due within thirty (30) days after the filing of the opening brief, and replies shall be due within twenty-one (21) days after the filing of responsive briefs. To the extent that any party contends that a challenge to the admissibility of expert evidence is relevant to the determination of any summary judgment motion, they shall file their *Daubert* motion within thirty (30) days after the close of discovery, and the parties' briefing of all such *Daubert* motions shall be on the same schedule as their briefing of summary judgment motions.

6. **Application by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1.

7. **Motions in Limine.** Except as provided in paragraph 5, above, all motions *in limine* shall be filed within forty-five (45) days after the Court's decisions on all summary judgment motions. All responses to said motions shall be filed within thirty (30) days after the filing of the motions *in limine*.

8. **Pretrial Conference.** A pretrial conference will be held within sixty (60) days of the Court's decisions on all summary judgment motions at _____.m. in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. L.R. 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a one week bench trial commencing within ninety (90) days of the Court's decisions on all summary judgment motions in Courtroom 6B,

-5-

sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge