IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 05-702 (SLR) (Lead Case) |
| v. | : : : | |
| PEPCO HOLDINGS, INC.; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, | : : : | |
| Defendants | : : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FILED IN *CHARLES V. PEPCO HOLDINGS, INC., ET AL.*, 05-cv-702 (SLR)

Defendants Pepco Holdings, Inc., Conectiv, and Pepco Holdings Retirement Plan (collectively referred to as Defendants), by and through their attorneys, hereby respond to Plaintiffs' Complaint in accordance with the numbered paragraphs thereof as follows:

### INTRODUCTION

1. Defendants admit that Plaintiffs' purport to sue as alleged. Defendants deny any remaining allegations in Paragraph 1 and deny there is any basis in law or fact for the claims asserted against them.

2. The averments of paragraph 2 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

3. The averments of paragraph 3 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

## PARTIES

4. Defendants admit upon information and belief the averments of paragraph 4.

5. Defendants admit upon information and belief the averments of paragraph 5.

6. Defendants admit upon information and belief the averments of paragraph 6.

7. Defendants admit the averments of paragraph 7.

8. Defendants admit the averments of paragraph 8.

9. Defendants admit that the Pepco Holdings Retirement Plan is an employee benefit plan maintained pursuant to ERISA. Defendants also admit that the Pepco Holdings Retirement Plan is the successor by merger to the Conectiv Retirement Plan. The second sentence of paragraph 9 constitutes conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

## CLASS ACTION ALLEGATIONS

10. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23. Defendants deny any remaining allegations in Paragraph 10.

11. Defendants admit that the Internal Revenue Service Form 5500 Annual Report for the Conectiv Retirement Plan for the calendar year 2002 stated there were over 3,399 active participants in the Conectiv Retirement Plan. The remaining averments of paragraph 11 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

12. The averments of paragraph 12 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

13. The averments of paragraph 13 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

14. The averments of paragraph 14 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

15. The averments of paragraph 15 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

16. The averments of paragraph 16 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

## **FACTUAL BACKGROUND**

### **Formation of the Conectiv Plan**

17.     Defendants admit that prior to 1998 Atlantic City Electric and Delmarva were independent companies that were regulated utilities. Defendants admit that on March 1, 1998, both Atlantic City Electric and Delmarva became wholly owned subsidiaries of Conectiv. Defendants also admit that at the time they were acquired by Conectiv, Atlantic City Electric and Delmarva were each a sponsor of its own defined benefit plan, Altantic City Electric Company Retirement Plan ("Atlantic City Plan") and the Delmarva Power & Light Company Retirement Plan ("Delmarva Plan"). Defendants admit that both of those plans were final pay plans, in which the annuity provided as a retirement benefit was determined by multiplying the average pay earned by a participant over a period by their years of service, and multiplying the product of that by a percentage factor to determine the amount of the annual benefit payable at normal retirement age. Defendants deny the remaining averments of paragraph 17, except admit only that Plaintiffs purports to quote a statement made by Conectiv, in a written document, the terms of which speak for themselves.

18.     Defendants admit that the Delmarva Plan merged into the Atlantic City Plan and was later renamed the Conectiv Retirement Plan. Defendants also admit that this merger of the Delmarva Plan and the Atlantic City Electric Plan to form the Conectiv Retirement Plan took effect on December 30, 1998. The remaining averments of paragraph 18 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

19. Defendants deny the first sentence of paragraph 19. The remaining averments of paragraph 19 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

20. Defendants admit only that the averments set forth in Paragraph 20 describe the design of certain pension plans that some companies have adopted. Any remaining averments are denied.

### Overview of Conectiv's Cash Balance Plan

21. Defendants admit the averments of paragraph 21.

22. Defendants deny the averments of paragraph 22, except admits only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

23. Defendants admit that plaintiffs did not qualify for grandfathered benefits as of December 31, 1998, as they did not meet the requisite age and service requirements. Defendants deny the remaining averments of paragraph 23, except admit only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

24. Defendants admit that each of the plaintiffs has been a participant in the Cash Balance Sub-Plan from January 1, 1999 through the present. Defendants deny the remaining averments of paragraph 24, except admit only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

25. Defendants deny the averments of paragraph 25, except admits only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

26.     Defendants deny the averments of paragraph 26, except admits only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

27.     Defendants deny the averments of paragraph 27, except admits only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

28.     Defendants deny the averments of paragraph 28, except admits only that the Cash Balance Sub-Plan is a written document, the terms of which speak for themselves.

29.     Defendants admit that Conectiv became a wholly owned subsidiary of Pepco Holdings Company on August 1, 2002.  Defendants also admit that Pepco Holdings merged the Pepco General Retirement Plan and the Conectiv Retirement Plan to create the Pepco Holdings Retirement Plan.  Defendants admit that the Pepco General Retirement Plan is a defined benefit pension plan.  Defendants also admit that creation of the Pepco Holdings Retirement Plan took effect on December 31, 2002.  Defendants deny the third sentence of paragraph 29, except admit only that the proxy statement is a written document, the terms of which speak for themselves.  The remaining averments of paragraph 29 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny these averments.

### Conectiv's Conversion Process

30.     Defendants admit that Conectiv first notified its employees of the plan to convert the Atlantic City Plan and the Delmarva Plan to a cash balance formula in the Spring of 1998.  Defendants deny the averments of paragraph 30, except admit only that Plaintiffs purports to quote a statement made by Conectiv, in a written document, the terms of which speak for themselves.

31. Defendants deny the averments of paragraph 31, except admit only that Plaintiffs purports to quote a statement made by Conectiv, in a written document, the terms of which speak for themselves.

32. Defendants deny the averments of paragraph 32, except admit only that Plaintiffs purports to quote a statement made by Conectiv, in a written document, the terms of which speak for themselves.

33. Defendants deny the averments of paragraph 33, except admit only that Plaintiffs purports to quote a statement made by Conectiv, in a written document, the terms of which speak for themselves.

34. Defendants admit that Conectiv sent a letter to its employees on December 21, 1998. Defendants deny the remaining averments of paragraph 34, except admit only that the December 21, 1998 letter is a written document, the terms of which speak for themselves.

35. Defendants admit that Conectiv issued a notification to its managers in or around June 23, 1999 indicating that opening statements would be mailed the following week and that informational meetings were scheduled from July 12 through July 29. Defendants deny the remaining averments of paragraph 35, except admit only that the June 23, 1999 notification is a written document, the terms of which speak for themselves.

### How the Conversion Affected Plaintiffs and the Class

36. Defendants admit that each plaintiff and class member earned a right to annuity benefits under a predecessor pension plan.

37. Defendants admit that each plaintiff and each member of the Class had an annuity benefit earned under the old plan converted into an opening account balance. Defendants also admit that this calculation was performed by Towers Perrin. The remaining averments of paragraph 37 are denied.

38. Defendants admit the averments of paragraph 38.

39. The averments of paragraph 39 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

40. The averments of paragraph 40 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

41. Defendants deny the averments of paragraph 41.

## **COUNT I**

42. Defendants incorporate the responses to the allegations contained in paragraphs 1 – 41 above as if fully set forth at length.

43. The averments of paragraph 43 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

44. The averments of paragraph 44 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

45. The averments of paragraph 45 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

## COUNT II

46. Defendants incorporate the responses to the allegations contained in paragraphs 1 – 41 above as if fully set forth at length.

47. Defendants deny the allegations in paragraph 47.

## COUNT III

48-50. The Court has stayed this claim pending determination by the Third Circuit. Defendants are accordingly under no obligation to respond to these averments at this time. To the extent that any response is required, the averments of fact set forth in Paragraphs 48-50 are denied.

## COUNT IV

51. Defendants incorporate the responses to the allegations contained in paragraphs 1 – 41 above as if fully set forth at length.

52. The averments of paragraph 52 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

53. The averments of paragraph 53 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny these averments.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' and class members' claims may be barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

### THIRD DEFENSE

Plaintiffs' and class members' claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiffs' and class members' claims are barred in whole or in part because none of them have been injured by any alleged action by the Defendants.

### FIFTH DEFENSE

The class that Plaintiff seeks to certify does not satisfy the requirements of Fed. R. Civ. P. 23(a) or Fed. R. Civ. P. 23(b).

### SIXTH DEFENSE

Defendants hereby state that they intends to rely upon such other defenses as may become available or may appear during discovery in this case or otherwise, and Defendants hereby reserve the right to amend this Answer to assert any and all such defenses.

### PRAYER FOR RELIEF

WHEREFORE, the Defendants deny that Plaintiffs are entitled to any of the relief requested for each of the Causes of Action of the Complaint.

Respectfully submitted

Dated: August 1, 2006

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Susan K. Hoffman
Larry R. Wood, Jr.
Kay Kyungsun Yu
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA   19103-2799
(215) 981-4000 (telephone)
(215) 981-4750 (fax)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, M. Duncan Grant, hereby certify that on August 1, 2006 a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following in the manner indicated:

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Robert R. Davis
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
(*via e-filing*)

Attorneys for Plaintiffs

James R. Malone, Jr.
Joseph G. Sauder
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
(*via U.S. Mail*)

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500 (telephone)
(302) 421-8390 (fax)