## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, ) ) ) | C. A. NO. 05-702 (SLR) (Lead Case) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

### JOINT PROPOSED SCHEDULING ORDER

At Wilmington this   ⟨8⟩ᵗʰ  day of August, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f); the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b); and the parties having further conferred following the pretrial scheduling conference.

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.** The plaintiffs served their pretrial disclosures on July 14, 2006. Defendants have indicated that they are in the process of identifying the documents in their custody or control relevant to these actions. Accordingly, they will furnish the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2 by September 8, 2006.

2.      **Discovery.** The Court shall hold a discovery conference on October 3, 2006 at 4:30 pm in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. No less than 24 hours in advance of the conference, the parties shall submit a report on the status of discovery and any existing areas of dispute.

(a)   Plaintiffs believe discovery will be needed on the following subjects:  the reasons for adoption of the Cash Balance Sub-Plan; the extent to which defendants expected the Cash Balance Sub-Plan to result in lower benefit accruals; the communications from Conectiv to participants concerning adoption of the change; the nature and extent of the plan's liabilities to class members under the terms of the Cash Balance Sub-Plan and its predecessors; the rate at which participants have accrued benefits under the Cash Balance Sub-Plan for each plan year; the propriety of class action treatment; and the appropriate remedies for defendants' alleged violations of ERISA.

(b)   Defendants believe that discovery will be needed on the following subjects relating to Counts I, II, and IV:  the extent to which defendants and/or plaintiffs expected the Cash Balance Sub-Plan to result in lower or higher benefit accruals; the communications from Conectiv to participants concerning adoption of the change; the nature and extent of the plan's liabilities to plaintiffs under the terms of the Cash Balance Sub-Plan and its predecessors; the rate at which participants have accrued benefits under the Cash Balance Sub-Plan for each plan year; and the appropriate remedies for the alleged violations of ERISA.

(c)   Effect of stay order. All parties recognize that the Court has stayed Count III of the complaint. Plaintiffs do not anticipate that the stay will materially alter the scope of discovery; for example, plaintiffs anticipate that most of the documents relevant to Count III would also be relevant to Counts I, II, and IV. If, however, a discovery dispute arises with respect to the scope of discovery in light of the Court's stay of Count III, the parties shall confer in the first instance to endeavor to resolve the matter by agreement. Failing that, the parties shall notify the Court of the dispute and arrange for a telephonic conference.

(d)   All discovery shall be commenced in time to be completed by July 25, 2007.

(e)   Maximum of 25 interrogatories by each party to any other party.

-2-

(f)    No limits will be imposed upon requests for admissions at this time.

(g)    The parties shall meet and confer on the number of depositions and the durational limits on depositions in advance of the discovery conference.

(h)    Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of parties pursuant to their conference or by Order of the Court.

(i)    Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by May 30, 2007. Rebuttal expert reports due by June 27, 2007.

(j)    **Discovery Disputes.**  Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.    **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**

(a)    All motions to join other parties and amend the pleadings shall be filed on or before December 5, 2006.

(b)    Plaintiffs shall file their motion for class certification on or before January 12, 2007. Defendants shall file their opposition to the class certification motion by February 16, 2007, and plaintiffs shall file their reply by March 9, 2007. To the extent that either party concludes that additional discovery is needed based upon a review of the opposing parties' class certification briefs, the parties shall confer in the first instance to endeavor to resolve the matter by agreement. Failing that, the parties shall notify the Court of the dispute and arrange for a telephonic conference.

4.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.    **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before August 22, 2007. No summary judgment motion may be filed more than 10 days from the above date without leave of the Court. Responsive briefs shall be due October 8, 2007, and replies shall be due November 5, 2007. To the extent that any party contends that a challenge to the admissibility of expert evidence is relevant to the determination of any summary judgment motion, they shall file their *Daubert* motion on or before September 5, 2007. Responsive briefs shall be due October 22, 2007, and replies shall be due November 19, 2007. Oral argument shall be heard on these motions on ___11/29/07___, 2007 at 9:30 a.m. in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

6.    **Application by Motion.**  Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1.**

7.    **Motions in Limine; Pretrial Conference and Trial.**  Dates for motions *in limine*, a pretrial conference and trial shall not be set at this time.

United States District Judge