# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>        Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

## OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## FOR APPOINTMENT OF INTERIM CLASS COUNSEL

                                          **CHIMICLES & TIKELLIS LLP**
                                          Pamela S. Tikellis (#2172)
                                          Robert J. Kriner (#2546)
                                          A. Zachary Naylor (#4439)
                                          One Rodney Square
                                          P.O. Box 1035
                                          Wilmington, DE 19899
                                          302-656-2500 (telephone)
                                          302-656-9053 (fax)

                                          and

                                          James R. Malone, Jr.
                                          (*pro hac vice*)
                                          Joseph G. Sauder
                                          (*pro hac vice*)
                                          One Haverford Centre
                                          361 West Lancaster Avenue
                                          Haverford, PA 19041
                                          610-642-8500 (telephone)
                                          610-649-3633 (fax)

August 15, 2006                           Attorneys for Plaintiffs

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

II.  SUMMARY OF ARGUMENT ............................................................................................ 2

III. STATEMENTS OF FACTS ................................................................................................. 2

IV. ARGUMENT ........................................................................................................................ 4

    THIS COURT SHOULD APPOINT INTERIM CLASS COUNSEL ................................ 4

V.  CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Charles v. Pepco Holdings, Inc.*,
    2006 WL 1892672 (D. Del. July 11, 2006) ................................................................1, 3

*Charles v. Pepco Holdings, Inc.*,
    2006 WL 1652749 (D. Del. June 12, 2006) ...................................................................1

**STATUTES**

29 U.S.C. § 1054(b)(1)(A) ...............................................................................................2

29 U.S.C. § 1054(b)(1)(B) ...............................................................................................2

29 U.S.C. § 1054(b)(1)(C) ...............................................................................................2

29 U.S.C. § 1054(b)(1) .....................................................................................................2

29 U.S.C. § 1054(b)(1)(G) ...............................................................................................3

29 U.S.C. § 1054(b)(1)(H) ...............................................................................................3

29 U.S.C. § 1054(h) .........................................................................................................3

**RULES**

Fed. R. Civ. P. 23 .............................................................................................................2

Fed. R. Civ. P. 23(g) .....................................................................................................3, 4

Fed. R. Civ. Proc. 23(g)(1) ..............................................................................................4

Fed. R. Civ. Proc. 23(g)(1)(C) .........................................................................................4

Fed. R. Civ. Proc. 23(g)(2)(A) .....................................................................................2, 4

## I. NATURE AND STAGE OF THE PROCEEDINGS

The first of these actions challenging the defendants' conversion of a traditional defined benefit pension plan to a cash balance plan was filed on September 26, 2005. (*Charles v. Pepco Holdings, Inc.*, D.I. 1). The second action was filed on January 5, 2006. (*Troup v. Pepco Holdings, Inc.*, D.I. 1). The complaints raise identical claims against the same defendants arising from the same pension plan. The main difference in the two cases is that the complaint in the *Troup* complaint has a slightly broader class definition.

The *Troup* action was filed while a motion to dismiss was pending in the *Charles* action, and the parties stipulated that the motion and briefs filed in the *Charles* action would be deemed filed in the *Troup* action. (*Troup*, D.I. 9). In the *Charles* action, the Court denied the defendants' motion to dismiss on June 12, 2006, *Charles v. Pepco Holdings, Inc.*, 2006 WL 1652749 (D. Del. June 12, 2006). Defendants thereafter moved for re-argument, and the Court denied that motion on July 11, 2006, while staying Count III. *Charles v. Pepco Holdings, Inc.*, 2006 WL 1892672 (D. Del. July 11, 2006). The parties thereafter submitted a stipulation providing for the consolidation of the *Charles* and *Troup* actions on July 18, 2006. (*Charles*, D.I. 33).

Defendants filed answers on August 1, 2006 (D.I. 38, 39), and the Court held a scheduling conference on August 2nd. Following the conference, the Court entered a scheduling order. (D.I. 41).

As part of the parties' discussion of the terms of the consolidation order, Plaintiffs have requested that defendants stipulate to appointment of interim class counsel. Defendants have refused to consent to this relief.

## II. SUMMARY OF ARGUMENT

Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure provides this Court with authority to designate interim class counsel. Fed. R. Civ. P. 23(g)(2)(A). One of the reasons this provision was added to Rule 23 was to make counsel's authority clear for purposes of settlement negotiations. Fed. R. Civ. P. 23(g)(2)(A), committee note. As the Court's scheduling order refers these actions to Magistrate Judge Thynge to explore ADR, appointment of interim class counsel is appropriate and will not prejudice defendants.

## III. STATEMENT OF FACTS

These actions involve Defendants' conversion of a traditional defined benefit pension plan to a cash balance plan. This conversion became effective January 1, 1999 when the Plaintiffs were placed into Conectiv's Cash Balance Sub-Plan. (D.I. 1 ¶ 1). The Plaintiffs challenge the conversion of the pension plan as a violation of ERISA and federal common law.

Plaintiffs Charles, Ward, Fink and Troup are asserting four claims for relief. First, they assert the defendants violated the minimum accrual requirements of Section 204(b) of ERISA, 29 U.S.C. § 1054(b)(1)(A), (B), (C), because the Cash Balance Sub-Plan (the "Plan") does not satisfy any of the three alternative tests provided by Section 204(b)(1), 29 U.S.C. §1054(b)(1). Second,

2

Plaintiffs assert that the Plan violates Section 204(b)(1)(G) of ERISA, 29 U.S.C. § 1054(b)(1)(G), because it permits the accrued benefit of a participant to be reduced in subsequent years. Third, they assert that the Plan violates Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H), because the rate at which a participant accrues benefits under the Plan is reduced as the participant's age increases.[1] Fourth, Plaintiffs assert that the Plan violates Section 204(h) of ERISA, 29 U.S.C. § 1054(h), because defendants failed to give the requisite notice relating to the amendment of the predecessor plan. Plaintiffs seek a broad range of declaratory and equitable relief based upon these claims.

The two complaints allege slightly different class definitions. In the *Charles* action, the class definition was "all persons who have had their accrued benefits determined pursuant to the terms of the Cash Balance Sub-Plan of the Conectiv Retirement Plan and do not qualify for a grandfathered benefit, and their beneficiaries." (*Charles* D.I. 1, ¶ 10). The *Troup* complaint defined the class to include participants who were eligible for grandfathered benefits but would not reach normal retirement age prior to the time when the grandfathered benefits expired. (*Troup* D.I. 1, ¶ 8). This class definition was adopted in response to comments from participants who were not covered by the definition initially set forth in *Charles.* Plaintiffs intend to seek certification of this broader class.

---

[1] The Court has stayed Count III of the complaint.

3

## IV. ARGUMENT

### THIS COURT SHOULD APPOINT INTERIM CLASS COUNSEL.

Rule 23(g) provides this Court with authority to appoint class counsel, including interim counsel who may be designated to act on behalf of the class prior to formal certification. Fed. R. Civ. P. 23(g)(1), (2)(A). The committee notes explicitly state that one of the purposes for appointing interim class counsel is to clarify the role of counsel in settlement discussions. Fed. R. Civ. P. 23(g), committee note.

This Court's scheduling order has referred these consolidated cases to Magistrate Judge Thynge to explore settlement. (D.I. 41, ¶ 4). Under these circumstances, appointment of interim class counsel is appropriate. It will make clear that Plaintiffs' counsel is authorized to act on behalf of the class pending formal certification, and will not prejudice defendants. Further, the formal designation of Plaintiffs' counsel as interim class counsel would also provide additional assurance to members of the proposed class that any communication that they have with Plaintiffs' counsel will be privileged.

Rule 26(g)(1)(C) provides the standards that govern appointment of class counsel, which indicate that the Court should consider counsel's role in identifying potential claims, their experience, knowledge of the relevant law and resources. Fed. R. Civ. P. 23(g)(1)(C).

These cases do not rest on a governmental investigation. Instead, they are the product of the investigation of Plaintiffs' counsel in response to inquiry from

4

their clients. The complaints reflect the substantial investigation that preceded the filing of these actions. The Court has already had an opportunity to observe Plaintiffs' counsel's knowledge of the relevant law in connection with the defendants' motion to dismiss. Turning to the other relevant factors, a biography of Chimicles & Tikellis LLP is submitted as an exhibit to the accompanying Affidavit of A. Zachary Naylor, which provides detailed biographies of the firm's personnel. In terms of resources, Chimicles & Tikellis LLP is a substantial firm with a track record of diligent prosecution of complex litigation in a variety of different fields, as the Court is aware from other matters.

## V. CONCLUSION

Based upon the arguments and authorities set forth above, Plaintiffs respectfully request that their motion for appointment of interim class counsel be granted.

Respectfully submitted,

Dated: August 15, 2006　　　　　**CHIMICLES & TIKELLIS LLP**

　　　　　　　　　　　　　　　　　/s/ A. Zachary Naylor
　　　　　　　　　　　　　　Pamela S. Tikellis (#2172)
　　　　　　　　　　　　　　Robert J. Kriner (#2546)
　　　　　　　　　　　　　　A. Zachary Naylor (#4439)
　　　　　　　　　　　　　　One Rodney Square
　　　　　　　　　　　　　　P.O. Box 1035
　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　302-656-2500 (telephone)
　　　　　　　　　　　　　　302-656-9053 (fax)

　　　　　　　　　　　　　　　　　and

        James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs