# Exhibit 1
# Part 1

# Chimicles & Tikellis LLP

## Attorneys At Law

# Firm Resume

**HAVERFORD, PA**
361 West Lancaster Avenue
Haverford, PA 19041
Voice: 610-642-8500
Toll Free: 866-399-2487
Fax: 610-649-3633

**WILMINGTON, DE**
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Voice: 302-656-2500
Fax: 302-656-9053

# Contents

OUR ATTONEYS

Partners

Nicholas E. Chimicles    3
Pamela S. Tikellis    8
James R. Malone, Jr.    11
Michael D. Gottsch    13
Robert J. Kriner, Jr.    14
Steven A. Schwartz    16
Kimberly M. Donaldson    19

Of Counsel

Morris M. Shuster    21
Denise Davis Schwartzman    22
Anthony Allen Geyelin    23
Candice L.H. Hegedus    24

Associates

Timothy P. Briggs    25
Daniel J. Brown    25
Fatema Burkey    26
Benjamin F. Johns    26
Kimberly M. Litman    27
Timothy N. Mathews    27
Mary Katherine Meermans    28
A. Zachary Naylor    28
Joseph G. Sauder    30
Daniel B. Scott    32

Practice Areas    33

Representative Cases    36

# Our Attorneys-Partners



# Nicholas E. Chimicles

is senior partner and Chairman of the Firm's Executive Committee. Mr. Chimicles is a 1970 graduate of the University of Pennsylvania, where he received a Bachelor of Arts Degree with Honors. Mr. Chimicles graduated in 1973 from the University of Virginia School of Law, where he was a member of the Editorial Board of the University of Virginia Law Review and was the author of several published comments. While attending law school, he co-authored a course and study guide entitled "Student's Course Outline on Securities Regulation," published by the University of Virginia School of Law. Upon graduation from law school, Mr. Chimicles joined a major Philadelphia law firm where he practiced for eight years and specialized in litigation including complex commercial, antitrust and securities fraud cases and served as principal or assistant trial counsel in several matters.

Mr. Chimicles has actively prosecuted major complex litigation, antitrust, securities fraud and breach of fiduciary duty suits. Most recently, Mr. Chimicles was lead trial counsel for a Class of investors in a six-week jury trial of a securities fraud/breach of fiduciary duty case that resulted in a $185 million verdict. *In re Real Estate Associates Limited Partnerships Litigation,* No. CV 98-7035 DDP, was tried in the federal district court in Los Angeles before the Honorable Dean D. Pregerson. On November 15, 2002, the 10 member jury returned a unanimous verdict in favor of the Class (comprising investors in the eight REAL Partnerships) and against the REALs' managing general partner, National Partnership Investments Company ("NAPICO") and the four individual officers and directors of NAPICO. The jury awarded more than $25 million in damages against all five defendants on Count I, the Section 14(a), 1934 Act, proxy fraud claim and more than $67 million in damages against NAPICO on Count II for breach of fiduciary duty. On November 19, 2002, the jury returned a verdict of $92.5 million in punitive damages against NAPICO. This total verdict of $185 million was among the "Top 10" Verdicts of 2002, as reported by the National Law Journal (verdictsearch.com). The Court upheld in all respects the jury's verdict on liability as to both Count I and Count II, upheld in full the jury's award of $92.5 million in compensatory damages, upheld the Class's entitlement to punitive damages (but reduced those damages to $2.6 million based on the application of California law to NAPICO's financial condition), and awarded an additional $25 million in pre-judgment interest. Based on the Court's decisions on the post-trial motions, the judgment entered in favor of the Class on April 28, 2003 totaled over $120 million, $91 million on Count II and $30 million on Count I.

# Our Attorneys-Partners

*Nicholas E. Chimicles cont.*

In other federal securities fraud areas, he served as a lead counsel in the *Hercules Securities Litigation*, Civil Action No. 90-442 (RRM) (D. Del.) ($18 million recovery); *Scott Paper Securities Litigation*, Civil Action No. 90-6192 (E.D. Pa.) ($8 million recovery); *Sunrise Savings & Loan Securities Litigation*, MDL No. 655 (E.D. Pa.) ($15 million recovery); *Storage Technology Corp. Securities Litigation*, Master File No. 84-F-1981 (D. Colo.) ($18 million recovery); *In re: Fiddler's Woods Bondholders Litigation*, Civil Action No. 83-2340 (E.D. Pa.), a bondholders' class action arising out of a default on a $33 million industrial development bond issue (recovery of more than $7 million for the Class); and *Charter Securities Litigation*, Civil Action No. 84-448 Civ-J-12 (M.D. Fla.) (recovery of $7.75 million); *Continental Illinois Securities Litigation*, Civil Action No. 82 C 4712 (N.D. Ill.) involving a twenty-week jury trial conducted by Mr. Chimicles that concluded in July, 1987 (the Class ultimately recovered nearly $40 million).

Mr. Chimicles has been a principal counsel in several major litigations that have resulted in precedent-breaking recoveries for classes of limited partners, in addition to the *Real Estate Associates Limited Partnership Litigation*, discussed above, Mr. Chimicles was a member of the Executive Committee in the *Prudential Limited Partnerships Litigation*, MDL 1005 (S.D.N.Y.), where the Class recovered $130 million in settlement from Prudential, and other defendants. Mr. Chimicles was lead counsel in the *PaineWebber Limited Partnerships Litigation*, 94 Civ. 8547 (S.D.N.Y.) in which a $200 million settlement was approved in mid-1997. As co-lead counsel in several litigations involving ML-Lee Acquisition Fund, L.P., ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. (C.A. No. 92-60, 93-494, 94-422 and 95-724) that were prosecuted in the Delaware Federal District Court. Mr. Chimicles (together with partner Pamela Tikellis and financial specialist Kathleen Chimicles) negotiated settlements that resulted in more than $30 million in cash and other benefits to be paid or made available to investors in the various funds. In litigation involving PLM Equipment Growth and Income Funds IV-VII, Mr. Chimicles (together with financial specialist Kathleen Chimicles) was instrumental in negotiating a settlement reached in 2001 that provides both monetary and equitable relief for the limited partners. In February 2002, the Superior Court of Marin County, California, approved the settlement of a case in which Mr. Chimicles was co-lead counsel, involving five public partnerships sponsored by Phoenix Leasing Incorporated and its affiliates and resulting in the payment of $21 million in cash. (*In Re Phoenix Leasing Incorporated Limited Partnership Litigation*, Superior Court of the State of California, County of Marin, Case No. 173739).

Mr. Chimicles has represented limited partners who successfully have sought the liquidation of assets or the reorganization of the partnership. For example, in *In re the Mendik Real Estate Limited Partnership*, N.Y. Supreme Ct. No. 97-600185, Mr. Chimicles, as co-lead counsel, negotiated a settlement which provided for the prompt sale of more than $100 million of the partnership's real estate assets. Additionally, as co-lead counsel, Mr. Chimicles, together with partner Pamela Tikellis, negotiated the settlement of a suit filed against the general partners of Aetna Real

# Our Attorneys-Partners

*Nicholas E. Chimicles cont.*

Estate Associates, L.P., providing for the orderly liquidation of the more than $200 million in that partnership's real estate holdings, the reduction of general partner fees and the payment of a special cash distribution to the limited partners. (*Aetna Real Estate Associates, L.P., Area GP Corporation and Aetna/Area Corporation,* Delaware Chancery Court, New Castle County, Civil Action Nos. 15386-NC and 15393-NC).

Mr. Chimicles has also represented stockholders in suits arising from proposed mergers, acquisitions and hostile takeovers. For example, in *Garlands, Inc. Profit Sharing Plan et al. v. The Pillsbury Company, a Delaware corporation, et al,* State of Minnesota, County of Hennepin, Fourth Judicial District, Court File No. 88-17834, Mr. Chimicles was a lead counsel in a suit brought to compel Pillsbury's board of directors to negotiate in good faith with Grand Metropolitan and persuaded the court to enjoin a proposed spin-off of Burger King. Additionally, Mr. Chimicles has represented shareholders in obtaining enhanced consideration for their stock in takeovers or going private transactions. *Randee L. Shantzer, et al. v. Charter Medical Corp., et al.,* Court of Chancery, State of Delaware, New Castle County, Consolidated Civil Action No. 9530; *In Re Interstate Bakeries Corporation Shareholders Litigation,* Court of Chancery, State of Delaware, New Castle County, Consolidate Civil Action No. 9263.

In the antitrust field, Mr. Chimicles has acted as a lead and co-lead counsel in numerous class suits. He was co-lead counsel in the *Travel Agency Commission Antitrust Litigation,* (D. Minn.) in which the Firm represented the American Society of Travel Agents, an Alexandria, Virginia-based association that represents more than 9,000 travel agencies nationwide and worldwide in a suit against seven airlines for Section 1 (Sherman Act) violations involving commission cuts. The case was settled in late 1996 for more than $80 million. Mr. Chimicles was also co-lead counsel in the *Insurance Antitrust Litigation,* Case No. C-88-1688 (N.D. Calif.) which charged commercial general liability insurers, domestic and London-based reinsurers and an insurance service organization with violations of the Sherman and Clayton Acts. The case was settled after an earlier dismissal was reversed by the Ninth Circuit, a decision affirmed by the U.S. Supreme Court. *In re Insurance Antitrust Litigation,* 938 F.2d 919 (9th Cir. 1991); *aff'd sub nom. Hartford Fire Insurance Co. v. California,* 113 S.Ct. 2891 (1993).

As an appellate advocate, Mr. Chimicles has handled cases which have protected the rights of victims of securities fraud in bankruptcy proceedings. In cases that he successfully argued before the Courts of Appeals for the Tenth and Eleventh Circuits, due process and notice principles were extended to protect securities purchasers filing claims in bankruptcy cases, *In re Standard Metals Corp.,* 817 F.2d 625 (10th Cir.), *rev'd in part on rehearing,* 839 F.2d 1383 (1987), and it was established that class proofs of claim are allowable in bankruptcy proceedings, *In re the Charter Company,* 876 F.2d 866 (11th Cir. 1989).

# Our Attorneys-Partners

*Nicholas E. Chimicles cont.*

Mr. Chimicles has also actively prosecuted suits involving public utilities constructing nuclear plants. He was lead counsel in the *Philadelphia Electric Company Securities Litigation,* Master File No. 85-1878 (E.D. Pa.) and a lead counsel in the *Consumers Power Company Derivative Litigation,* Master File No. 84-CV-3788 AA (E.D. Mich.). Mr. Chimicles was co-lead counsel in the stockholder derivative suit arising from mismanagement claims against former officers of Philadelphia Electric Company involved in the closing of the Peach Bottom Nuclear Plant, a suit which Mr. Chimicles was authorized to bring by a PECO board of directors resolution. *In re Philadelphia Electric Company Derivative Litigation,* Case No. 7090, Court of Common Pleas, Philadelphia County, PA. That case resulted in a recovery of $35 million for the utility company in November 1990.

Mr. Chimicles was also a co-lead counsel in a major environmental litigation, *Ashland Oil Spill Litigation,* Master File M-14670 (W.D. Pa.), involving the claims of residents and businesses for damage arising from the largest inland waterway oil spill in history that occurred on January 2, 1988 in Pittsburgh. In 1990, the case was settled upon creation of a claims fund of over $30 million for the class. This and similar environmental suits in which the Firm was involved were the subject of a program, "Toxic Torts May Not Be Hazardous To Your Health: A Lawyer's Guide to Health Survival in Mass Tort Litigation," in which Mr. Chimicles was a principal speaker at this program which was held at the American Bar Association's 1989 Convention in Honolulu.

Mr. Chimicles has acted as special counsel for the City of Philadelphia and the Philadelphia Housing Authority in an action seeking to hold lead pigment manufacturers liable for federally mandated abatement of lead paint in properties owned, managed or operated by the plaintiffs. *City of Philadelphia, et al. v. Lead Industries Ass'n, et al.,* Civil Action No. 90-7064 (E.D. Pa.) and No. 92-1420 (3rd Cir.).

Mr. Chimicles is admitted to practice in the Supreme Court of the United States, numerous federal district and appellate courts, as well as the Supreme Court of Pennsylvania. He is a member of the American Bar Association (Sections of Litigation; Antitrust; and Corporation, Banking and Business Law), the Pennsylvania Bar Association, and the Philadelphia Bar Association (Federal Courts Committee and various subcommittees). Mr. Chimicles has lectured frequently on securities law at the Rutgers University Law School Camden, the Wharton School Graduate Division of the University of Pennsylvania, New York University, the University of Virginia, and for Prentice Hall Law and Business Publications. Mr. Chimicles has addressed numerous law and accounting conferences, including ALI-ABA, Practising Law Institute, the Pennsylvania Bond Counsel Association and the Pennsylvania Institute of Public Accountants, and has also frequently appeared as a speaker in numerous state and national bar association sponsored seminars on topics involving federal securities laws, RICO, class actions, hostile corporate takeovers, and professional ethics. Mr. Chimicles also is a contributor to and member of the advisory boards of various professional publications involving the securities law field. Mr. Chimicles is

## Our Attorneys-Partners

*Nicholas E. Chimicles cont.*

a member of the Board of Overseers of the School of Arts and Sciences of the University of Pennsylvania. He is the past President of the National Association of Securities and Commercial Law Attorneys. Mr. Chimicles is the author of numerous articles including an article co-authored with the Firm's Financial Specialist, Kathleen P. Chimicles nee Balon, published in the *New York Law Journal*, August 26, 1993, entitled "A Realistic Assessment Of The Need For Securities Class Action Litigation Reform;" and *The Securities Case: The Plaintiff's Perspective*, co-authored with Ira N. Richards, published in the Practical Litigator, Vol. 6, No. 6 (Nov. 1995).

# Our Attorneys-Partners



# Pamela S. Tikellis

PAMELA S. TIKELLIS is a name partner and a member of the Firm's Executive Committee. Ms. Tikellis was born in Lawrence, Kansas and is a 1974 graduate of Manhattanville College, where she received a Bachelor of Arts, and a 1976 graduate of the Graduate Faculty of the New School for Social Research, where she received a Master's in Psychology. Ms. Tikellis graduated in 1982 from Widener University School of Law, where she was the Managing Editor of the Delaware Journal of Corporate Law. Upon graduating from law school, Ms. Tikellis served as a law clerk in the nationally recognized Court of Chancery in Wilmington, Delaware. Before joining the Firm, Ms. Tikellis engaged in significant shareholder litigation practice. In 1987, she opened the Delaware office of the Firm, where she is a resident and has continued to specialize in litigation, including complex transactional cases, both derivative and class, limited partnership litigation, antitrust and securities fraud litigation. She is AV rated by Martindale Hubbell.

Ms. Tikellis has prosecuted class and derivative suits of national importance for over 20 years. Notably, Ms. Tikellis has represented stockholders in numerous suits, primarily in the Court of Chancery in Wilmington, Delaware arising out of mergers and acquisitions and hostile takeovers. Ms. Tikellis served as Liaison Counsel in the litigation arising out of the Paramount/Viacom merger. She and her co-counsel represented Paramount stockholders in the successful challenge to the merger and were instrumental in eliciting the highest possible value to the stockholders. (Court of Chancery Civil Action No. 13117; Delaware Supreme Court No. 427, 1993). Similarly, Ms. Tikellis served as lead counsel in *Home Shopping Network Shareholders and Securities Litigation*, (C.A. No. 93-406; Court of Chancery, Cons. C.A. No. 12868; Delaware District Court C.A. No. 93-336 (MMS)) obtaining over $15 million in settlement funds for the class of Home Shopping stockholders. More recently, as lead counsel, she actively prosecuted litigation on behalf of Cyprus Amax stockholders arising out of a proposed merger with Asarco and helped achieve a merger for Cyprus Amax with Phelps Dodge for greater consideration than was offered by Asarco. (*In re Cyprus Amax Shareholders Litigation*, Court of Chancery, C.A. No. 17383-NC). Ms. Tikellis also acted as one of lead counsel representing a Class of stockholders of First Interstate Bancorp prior to the acquisition of First Interstate by Wells Fargo & Co. The litigation resulted in Wells Fargo's acquisition of First Interstate for a substantially greater consideration than offered by the First Bank Systems in a battle for the company. (*First Interstate Bancorp Shareholders Litigation*, Cons. C.A. No. 14623).

Ms. Tikellis has actively prosecuted derivative litigation on behalf of companies and

## Our Attorneys-Partners

their stockholders. *Sanders v. Wang*, DE Court of Chancery C.A. No. 16640, was a derivative suit brought on behalf of Computer Associates International, Inc. The suit alleged that the board exceeded its authority under the KESOP by awarding 9.5 million excess shares to the participants. Ms. Tikellis was instrumental in achieving the return from the defendants of over $50 million in stock issued in violation of the Company's plan. This represented a recovery of substantially all of the relief sought by Plaintiffs. Reported decisions include 1998 Del. Ch. LEXIS 207 (Del. Ch. Nov 19, 1998); 1999 Del. Ch. LEXIS 203 (Del. Ch. Nov. 8, 1999); 2001 Del. Ch. LEXIS 82 (Del. Ch. May 24, 2001); 2001 Del. LEXIS 387 (Del. Aug. 22, 2001); 2001 Del. Ch. LEXIS 121 (Del. Ch. Sept. 18, 2001).

In the limited partnership arena, Ms. Tikellis along with partner Nicholas Chimicles has actively and successfully prosecuted several cases including *ML Lee Acquisition Fund L.P.* and *ML-Lee Acquisition Fund II L.P.* and *ML-Lee Acquisition Fund* (Retirement Accounts), (C.A. Nos. 92-60, 93-494, 94-422, and 95-724). The litigation resulted in a negotiated settlement exceeding $30 million in cash and other benefits made available to investors in these funds. In another limited partnership matter, Ms. Tikellis along with partner Nicholas Chimicles was successful in representing limited partners of Aetna Real Estate Associates L.P. This settlement provided for the orderly liquidation of more than $200 million in the partnership's real estate holdings and reduction of general partners' fees and the payment of a special cash distribution to the limited partners (*Aetna Real Estate Associates, L.P.*, Delaware Court of Chancery, C. A. Nos. 15386-NC and 15393-NC).

On the Appellate level, Ms. Tikellis has successfully handled cases before the Delaware Supreme Court resulting in victories for the shareholders and investors. Within the years of 2002 and 2003, Ms. Tikellis argued successfully three appeals in the Delaware Supreme Court. She argued *en banc* to the Delaware Supreme Court in *Saito v. McKesson Corporation*, Civil Action No. 18553. This books and records case was tried by Ms. Tikellis. While the Court of Chancery permitted production of certain documents, the Court imposed severe restrictions. The limitations imposed by the Court of Chancery were appealed successfully by the Plaintiff. Importantly, the documents ultimately received in the books and records *Saito* case resulted in the filing of an amended derivative complaint in the underlying case against McKesson and its directors. The derivative suit was recently settled and the settlement won approval by the Court of Chancery. The settlement provides for a $30 million payment to the Company by the insurance carriers for the directors and the implementation of important corporate governance reforms.

Most recently, in a case argued by Ms. Tikellis, the Delaware Supreme Court overruled the Court of Chancery's determination that accorded the presumption of the business judgment rule to a board's merger recommendation even though 5 of the 7 directors were interested in the transaction. The Supreme Court held that the mere existence of a purportedly disinterested special committee (consisting of the other two board members) did not shield the remaining 5 members from liability. *Krasner*

# Our Attorneys-Partners

*v. Moffett*, 826 A.2d 277 (Del. June 18, 2003). Importantly, the Court held that a full record needed to be developed to determine whether the entire fairness standard of review or the business judgment standard of review would apply in the case. The decision has broken new ground in the field of corporate litigation in Delaware. A settlement providing for a $17.5 million fund for the Class was approved by the Court of Chancery on April 20, 2006.

Ms. Tikellis is admitted to practice before all Courts in the State of Delaware and the United States Court of Appeals for the Third Circuit. She is a member of the Delaware Bar Association and the American Bar Association (Litigation and Business Sections). Ms. Tikellis has served as a member of the Board of Bar Examiners of the Supreme Court of the State of Delaware since 1994. She also served as the Chair of the Delaware Bar Association Ethics Committee from 1989 to 1992, and is a director of the Historical Society of the Court of Chancery for the State of Delaware. In addition, Ms. Tikellis is President of the Delaware chapter of the International Network of Boutique Law Firms.

Ms. Tikellis has addressed numerous conferences including ALI-ABA, The Practising Law Institute, the American Bar Association, the Delaware Bar Association, and the Pennsylvania Bar Institution lecturing on corporate governance, merger and acquisitions, hostile takeovers, defense mechanisms and professional ethics. She has participated as a commentator on corporate governance as part of the Institute for Law and Economic Policy's program on Corporate Accountability and recently addressed institutional investors at the OPAL Conference regarding the various tools available in Delaware to protect shareholder rights. Ms. Tikellis is a member of the faculty of the 7th Annual Colorado Business Law Institute to be held in Vail, Colorado August 10-12, 2006. She will participate on a panel featuring the Honorable Phillip S. Figa of the United States District Court for the District of Colorado and the Honorable Leland P. Anderson of the Colorado State District Court addressing the topic of fiduciary duties.

# Our Attorneys-Partners



# James R. Malone, Jr.

is a partner in the law firm of Chimicles & Tikellis LLP. Mr. Malone is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of the United States, the United States Courts of Appeal for the First, Third, Fifth, Seventh, Ninth and D.C. Circuits and the United States District Courts for the Eastern District of Pennsylvania and the Northern District of California. Mr. Malone is a 1984 *cum laude* graduate of the Villanova University School of Law where he was a staff member on the Villanova Law Review and was elected to the Order of the Coif. Upon graduation from law school, Mr. Malone was associated with a major Philadelphia law firm where he concentrated in bankruptcy and commercial litigation.

Mr. Malone has substantial experience in the securities field. With his former partner, Oliver Burt, he served as co-lead counsel in *Hoexter v. Simmons*, Civ. No. 89-1069-PHX-RCB (D. Ariz.) in which a $10.8 million settlement was achieved. In *Serabian v. Amoskeag Bank*, 24 F.3d 357 (1st Cir. 1994), Mr. Malone successfully argued for the reversal of a district court order dismissing a securities complaint in a case involving deceptive financial reporting by a New Hampshire bank holding company. Mr. Malone served as co-lead counsel in *Winsor v. Holgerson*, No. 89-2507 (PBS) (D. Mass.), a case involving the accounting practices of a failed savings bank, in which a $12.5 million settlement was reached. Mr. Malone has been active in cases involving public offerings of limited partnerships; he served as lead counsel in *In re Jiffy Lube Insured Income Partners Securities Litigation*. Civil Action No. 10828 (Del. Ch.). The settlement resulted in limited partnership investors receiving the full amount of their initial investment. He has also been active in transactional cases, such as limited partnership roll-ups, and in shareholder derivative actions Currently, he is active in *DeBenedictis v. Merrill Lynch & Co., Inc.*, No. 04-404 (JLL)(D. N.J.), a class action challenging the sufficiency of Merrill Lynch's prospectus disclosures for Class B shares in its proprietary mutual funds.

In the area of consumer litigation, Mr. Malone was a member of the Executive Committee in *In re Advanta Credit Card Terms Litigation*, MDL Docket No. 1233, a consumer case brought on behalf of credit card holders. The case resulted in a settlement of $ 7.25 million dollars that also provided for substantial reductions in rates for credit card holders. Along with his partner, Michael Gottsch, Mr. Malone was active in *Flannick v. First Union Home Equity Bank, N.A.*, No. 98-6080, an action brought under the National Bank Act against a home equity lender, which resulted in a substantial recovery.

# Our Attorneys-Partners

*James R. Malone , Jr. cont.*

In the field of ERISA litigation, Mr. Malone served as co-lead counsel in *In re Unisys Savings Plan Litigation,* 74 F.3d 420 (3d Cir.), in which he successfully argued for the reversal of a district court order granting summary judgment in an ERISA class action arising out of the failure of the Executive Life Insurance Company. The case was the first appellate decision addressing Section 404(c) of ERISA and the liability of fiduciaries in certain individual account plans. Mr. Malone served as counsel in *Corcoran v. Bell Atlantic Corporation,* 97-cv-510 (E.D. Pa.) an ERISA class action challenging the conversion of a defined benefit pension plan into a cash balance plan. The case involved issues relating to the calculation of accrued benefits under ERISA's vesting standards and the elimination of early retirement benefits. He is currently active in *In re Lucent Death Benefits Litigation,* No. 2:03-5017(WGB)(D. N.J.), which challenges Lucent's elimination of spousal death benefits for retirees that were funded as part of a defined benefit pension plan.

Mr. Malone has been involved in a variety of different antitrust actions in both state and federal court. He was active in indirect purchaser actions arising out of price-fixing in the market for sorbates pending in Tennessee and Wisconsin; the resolution of these cases resulted in substantial recoveries by indirect purchasers. Mr. Malone was also active in *In re Microsoft Antitrust Litig.,* MDL No. 1332, and in *In re Buspirone Antitrust Litigation,* MDL No. 1413, where he served in a variety of roles.

Mr. Malone served as co-lead counsel in *Gersenson v. Pennsylvania Life & Health Insurance Guaranty Association,* April Term 1994, No. 3468, an insurance insolvency class action brought under the Pennsylvania Life & Health Insurance Guaranty Association Act. In June 1998, the Philadelphia Court of Common Pleas granted summary judgment in favor of the plaintiff class in the amount of $16.5 million dollars. Mr. Malone successfully argued the resulting appeal and successfully opposed the defendant's petition for allocatur before the Supreme Court of Pennsylvania.

Mr. Malone is a member of The Philadelphia Bar Association, and is active on its *cy pres* committee, which works to assure that unclaimed class settlement funds are put to appropriate charitable uses.

## Our Attorneys-Partners



# Michael D. Gottsch

is a partner in the Firm's Haverford office. Mr. Gottsch is admitted to practice before the Supreme Courts of Pennsylvania and New Jersey, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Courts of Appeals for the Third and Ninth Circuits. He is a graduate of Temple University School of Law (J.D. 1983) and Marquette University (B.S. 1977). From 1986 to 1987 he served as a Law Clerk to the Honorable Joseph H. Rodriguez, Judge of the United States District Court for the District of New Jersey.

Mr. Gottsch has concentrated his practice in the fields of Antitrust and Consumer Protection law. As a partner in the firm, recent cases in which he has served in the role of lead or co-lead counsel are: *McParland v. Keystone Health Plan Central*, Civil Action No. 98-SU-00770-01 (Common Pleas Court York County) (case successfully resolved on behalf of a class of approximately 15,000 senior citizens who enrolled in Keystone's "Senior Blue" program); *Flannick v. First Union Home Equity Bank, N.A.*, Civil Action No. 98-CV-6080 (E.D. Pa.) (case successfully resolved on behalf of a class of approximately 32,000 home equity borrowers from First Union Home Equity Bank); and *GFS of Madison, Inc. v. Rhone-Poulenc, S.A.*, Case No. 00-CV-1143 (Cir. Ct. Dane County, Wis.) ("Methionine antitrust litigation") (action pending). Mr. Gottsch has assisted in the firm's pro bono efforts in the area of immigration asylum appeals. He is the treasurer of the Committee to Support the Antitrust Laws ("COSAL"), a Washington, D.C. based organization committed to supporting diligent enforcement of the federal and state antitrust laws. In June 2006, Law & Politics and the publishers of Philadelphia Magazine named Mr. Gottsch a Pennsylvania Super Lawyer. Super Lawyers are the top 5 percent of attorneys in Pennsylvania, as chosen by their peers and through the independent research of Law & Politics.

# Our Attorneys-Partners



# Robert J. Kriner, Jr.

is a Partner in the Firm's Wilmington, Delaware office. He is admitted to practice before the Supreme Court of Delaware and the United States District Court for the District of Delaware. Mr. Kriner is a 1983 graduate of the University of Delaware with a degree in chemistry, and a 1988 graduate of the Delaware Law School of Widener University, where he was managing editor of *The Delaware Journal of Corporate Law*. From 1988 to 1989, Mr. Kriner served as law clerk to the Honorable James L. Latchum, Senior Judge of the United States District Court for the District of Delaware. Following his clerkship and until joining the Firm, Mr. Kriner was an associate with a major Wilmington, Delaware law firm, practicing in the areas of corporate and general litigation.

Mr. Kriner's practice focuses primarily on business litigation on behalf of investors. Mr. Kriner has prosecuted actions, including class and derivative actions, on behalf of stockholders, limited partners and other investors with claims relating to mergers and acquisitions, hostile acquisition proposals, the enforcement of fiduciary duties, the election of directors, and the enforcement of statutory rights of investors such as the right to inspect books and records. Mr. Kriner prosecuted the *Home Shopping Network, McKesson* and *Moffett* matters along with Partner Pamela Tikellis. In addition, Mr. Kriner represented holders of Series B stock of Litton Industries in *Myers and Koehler v. Litton Industries, Inc., et al.*, C.A. No. 18947-NC in connection with the short form merger cash out of the Series B stock in 2001. The short form merger price was $35 per share. Mr. Kriner negotiated a settlement of the claims which provided an additional $1.84 per share to the Series B holders.

Mr. Kriner also was on the trial team in *Gelfman, et al. v. Weeden Investors, L.P., et al.*, C.A. No. 18519-NC, which was tried in the Delaware Court of Chancery and resulted in a judgment in favor of the limited partners represented by Mr. Kriner. In *Weeden,* the limited partners represented by Mr. Kriner asserted that dilution and a cash out of their interests at a book value of $4.20 per Unit was unfair and in violation of the Partnership Agreement and the General Partner's fiduciary duties. After trial, the Court agreed, concluding the value of the interests was $20.92 per Unit, 4.98 times that paid on the cash out plan, and awarded damages to the limited partners.

Mr. Kriner represented the public limited partners in *I.G. Holdings, Inc., et al. v. Hallwood Realty LLC, et al.*, C.A. No. 20283-NC, in an action challenging the defensive response of the General Partner of Hallwood Partners LP to a premium tender

## Our Attorneys-Partners

*Robert J. Kriner, Jr.. cont.*

offer by an affiliate of Carl Icahn in 2003. Mr. Kriner led the litigation on behalf of the public limited partners through expedited injunction proceedings and an expedited trial which led to the General Partner's agreement to auction and sell the Partnership. The sale of the Partnership resulted in a per unit price of $136.70 to the limited partners, as compared to the trading range for the Units of $60 - $80 prior to the litigation.

Recently, Mr. Kriner was one of the co-lead counsel in actions brought on behalf of the public stockholders of Chiron Corporation challenging the buyout of Chiron by its 42% parent, Novartis AG. Novartis initially proposed a buyout at $40 per share and thereafter entered into a merger agreement to acquire Chiron for $45 per share. Mr. Kriner and his co-counsel moved preliminarily to enjoin the merger pending a proper process to maximize value and full disclosure to the stockholders. After completion of briefing on the injunction motion, an agreement in principle was reached for a settlement of this litigation which includes, among other things, an increase in the merger price to $48 per share, or an aggregate increase of over $330 million for the public stockholders.

Mr. Kriner is an associate member of the Board of Bar Examiners of the Supreme Court of the State of Delaware.

# Our Attorneys-Partners



# Steven A. Schwartz

a Partner in the Firm's Haverford office, is admitted to practice before the United States Supreme Court, the Supreme Court of Pennsylvania, the United States District Courts for the Eastern and Western Districts of Pennsylvania and the Eastern District of Michigan, and the United States Court of Appeals for the Third Circuit. He is a graduate of the Duke University School of Law (J.D. 1987) where he served as a senior editor of *Law & Contemporary Problems*. He is a 1984 *cum laude* graduate of the University of Pennsylvania, where he received a B.A. in political science. Mr. Schwartz previously practiced at Schnader, Harrison, Segal & Lewis, LLP, a major Philadelphia firm, concentrating in complex civil litigation.

Mr. Schwartz has actively prosecuted complex class actions in a wide variety of contexts. Most recently, he served as co-lead counsel for a certified national class of employees of Siemens Medical Solutions whose 1998 Incentive Compensation was retroactively reduced by 30% by Siemens. The Philadelphia Court of Common Pleas granted Plaintiffs' motion for summary judgment as to liability, and a few days before trial was scheduled to begin, Siemens agreed to pay Class members a net recovery of the full amount that their incentive compensation was reduced (approximately $10.1 million), and pay all counsel fees and expenses in addition to the Class members' recovery.

Similarly, in connection with the withdrawal by Bayer of its anti-cholesterol drug Baycol, Mr. Schwartz represents various Health and Welfare Funds (including the Pennsylvania Employees Benefit Trust Fund, the Philadelphia Firefighters Union, and the American Federation of State, County and Municipal Workers District Council 47) and a certified national class of "third party payors" seeking damages for the sums paid to purchase Baycol for their members/insureds and to pay for the costs of switching their members/insureds from Baycol to an another cholesterol-lowering drug. The Philadelphia Court of Common Pleas granted plaintiffs' motion for summary judgment as to liability; this is the first and only judgment that has been entered against Bayer anywhere in the United States in connection with the withdrawal of Baycol. The Court subsequently certified a national class, and the parties recently reached a settlement in which Bayer agreed to pay class members a net recovery that approximated the maximum damages (including pre-judgment interest) suffered by class members.

In the securities litigation field, as lead or co-lead counsel, Mr. Schwartz has obtained significant recoveries for defrauded investors. In *In Re Coin Fund Litigation*, (Superior Court of the State of California for the County of Los Angeles), Mr.

# Our Attorneys-Partners

*Steven A. Schwartz cont.*

Schwartz served as plaintiffs' co-lead counsel and successfully obtained a settlement in excess of $35 million on behalf of limited partners, which represented a 100% net recovery of their initial investments. Mr. Schwartz also served as Plaintiffs co-lead counsel in *In re Veritas Software Corp. Derivative Litigation* (Superior Court of the State of California for the County of Santa Clara). In early 2005, the Court approved a settlement in which Veritas agreed to extensive corporate governance changes, including requiring that 75% of the members of Veritas' Board of Directors would be independent directors, and that all reporting 16b officers and directors of the Company would be prohibited from engaging in any sales of Veritas' stock except pursuant to a newly-enacted 10b5- 1 Trading Plan. Mr. Schwartz currently serves as Plaintiffs' co-lead counsel in the *Pennexx Securities Litigation,* (E.D. Pa.) and liaison counsel in *In Re DVI Securities Litigation,* (E.D. Pa.).

In the consumer protection field, Mr. Schwartz served as plaintiffs' co-lead counsel in *Wolens, et al. v. American Airlines, Inc.* In that class action, plaintiffs alleged that American Airlines breached its contracts with members of its AAdvantage frequent flyer program when it retroactively increased the number of frequent flyer miles needed to claim certain frequent flyer miles travel awards. In a landmark decision, the United States Supreme Court held that plaintiffs' claims were not preempted by the Federal Aviation Act. 513 U.S. 219 (1995). The parties ultimately reached a settlement in which American agreed to provide Class members with mileage certificates that represent, for practical purposes, the full extent of class members' alleged damages, which the Court valued at between $ 95.6 million to $141.6 million. Mr. Schwartz also represented a national Class of owners of wood clad doors and windows manufactured by Marvin Windows that prematurely rotted due to a defective wood preservative. (Minn. 4th Judicial Dist.). Even though the windows were between 12 and 16 years old, the parties reached a national settlement providing Class members with the opportunity to obtain replacement windows with minimum net discounts of between 45 % and 58 %.

In the environmental field, Mr. Schwartz played a significant role as part of a large team of plaintiffs' counsel who prosecuted the claims of fisherman, property owners, and Native Americans who were injured as a result of the Exxon Valdez oil spill. The trial of that case resulted in a jury verdict in excess of $5.3 billion. Appellate proceedings in the 9th Circuit Court of Appeals are still ongoing.

Mr. Schwartz has also developed an expertise in representing the interests of providers of medical services whose bills have been denied for payment by insurers. Mr. Schwartz represented a certified class of Pennsylvania physicians and chiropractors who were not paid by Nationwide Mutual Insurance Company for physical therapy/physical medicine services provided to its insureds. Nationwide agreed to pay Class members approximately 130% of their bills. Mr. Schwartz is currently representing certified classes of medical providers seeking interest for overdue bills for treatment provided to insureds of SEPTA and Progressive Insurance Company.

## Our Attorneys-Partners

*Steven A. Schwartz cont.*

In the product liability field, Mr. Schwartz served as a member of the Plaintiffs' Steering Committee for medical monitoring claims in *In re Pennsylvania Diet Drugs Litigation*, (Phila. C.C.P.). To settle that case, American Home Products agreed to pay for an extensive medical monitoring program for all Pennsylvania residents who ingested fenfluramine and dexfenfloramine, the "fen" of the "fen phen" diet drug combination.

# Our Attorneys-Partners



# Kimberly M. Donaldson

a Partner in the Firm's Haverford office, is a 1999 *cum laude* graduate of Villanova University School of Law and is a 1996 graduate of Boston University, where she received a B.A. in Political Science, and interned with the Massachusetts Office of the Attorney General, Public Protection Bureau. Ms. Donaldson is admitted to practice before the Supreme Courts of Pennsylvania and New Jersey, and various Federal Appellate and District Courts. Ms. Donaldson's practice includes the representation of investors in major complex securities fraud litigation and breach of fiduciary duty lawsuits. Ms. Donaldson's pro bono activities include serving as a volunteer attorney with the Support Center for Child Advocates, a Philadelphia-based, nonprofit organization that provides legal and social services to abused and neglected children.

As the principal trial assistant to Mr. Chimicles, Ms. Donaldson was an integral member of the trial team that obtained the *first* plaintiffs' jury verdict in a federal securities fraud/breach of fiduciary duty lawsuit tried to a jury in the past ten years. *In re Real Estate Associates Limited Partnerships Litigation*, No. CV 98-7035 DDP (Federal District Court, Los Angeles). The total verdict of $185 million (including $92.5 million in punitive damages) was among the "Top 10" Verdicts of 2002 and stands as the *first* and *largest jury verdict* in favor of plaintiffs in a case brought under the federal securities laws since their amendment in 1995. The *Real Estate Associates* judgment was settled by an agreement approved by the Court in November 2003 for $83 million, which represented *full recovery* for the Class (and an amount in excess of the damages calculated by Plaintiffs' expert). Please refer to Mr. Chimicles' bio for additional information.

Also, together with the Firm's Partners, Ms. Donaldson has assisted, or is currently assisting, in the prosecution of several federal securities fraud cases, breach of fiduciary duty suits and corporate derivative actions, including the following:

- *CNL Hotels & Resorts Inc. Federal Securities Litigation*, Case No. 6:04-cv-1231 (M.D. Fla) (The Firm is lead trial counsel in this pending action filed in 2004 asserting federal securities law claims under the 1933 Securities Act involving a $3.0 Billion real estate investment trust whose stock is not listed on a national stock exchange).

- *Lewis, et al. v. CNL Income Funds, et al*, District Court of Dallas County, Texas. (The Firm is co-lead counsel in this pending action filed in 2005 on behalf of lim-

# Our Attorneys·Partners

ited partners in 18 Florida limited partnerships who were requested to approve a $1.6 Billion three-way merger involving their limited partnerships. Among other things, the Complaint alleges that the General Partners breached their fiduciary duties by approving a Merger that provided the Limited Partners with inadequate consideration, and by disseminating a misleading Proxy on which the Limited Partners were asked to cast their vote on the Merger).

- *Pennexx Securities Litigation,* No. 2:03-CV-4318 (E.D. Pa.) (The Firm is co-lead counsel in this pending securities fraud class action lawsuit filed in 2003 on behalf of public investors in Pennexx Foods, Inc. ("Pennexx"). Certain of the District Court's rulings on Defendants' Motions to Dismiss are currently being appealed to the Third Circuit Court of Appeals).

Together with the Firm's Partners, Ms. Donaldson has also assisted in the prosecution of actions involving health and welfare issues, including actions to recover excessive charges due to fraud and other misconduct by health service providers, and antitrust claims to recover excessive prescription drug charges and other costs due to corporate collusion and misconduct.