IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, | ) ) ) ) | CIV. A. NO. 05-702 (SLR) (Lead Case) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

M. Duncan Grant (#2994)
Larry R. Wood, Jr. (#3262)
Phillip T. Mellet (#4741)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

and

Susan K. Hoffman *(pro hac vice)*
Kay Kyungsun Yu *(pro hac vice)*
Barak A. Bassman *(pro hac vice)*
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:  (215) 981-4000

Attorneys for Defendants

August 29, 2006

-i-

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

II.  NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

III. SUMMARY OF ARGUMENT ............................................................................................. 2

IV. STATEMENT OF FACTS .................................................................................................... 2

V.  ARGUMENT ......................................................................................................................... 3

VI. CONCLUSION ...................................................................................................................... 5

## **TABLE OF AUTHORITIES**

### CASES

Page(s)

*Charles v. Pepco Holdings, Inc.*,
   2006 WL 1652749 (D. Del. June 12, 2006)............................................................................1

*Charles v. Pepco Holdings, Inc.*,
   2006 WL 1892672 (D. Del. July 11, 2006) ............................................................................1

*Cooper v. IBM Personal Pension Plan*,
   2006 WL 2243300 (7th Cir. Aug. 7, 2006)............................................................................1

*Donaldson v. Pharmacia Pension Plan*,
   2006 WL 1308582 (S.D. Ill. May 10, 2006).......................................................................3, 4

*In re Issuer Plaintiff Initial Public Offering Antitrust Litigation*,
   234 F.R.D. 67 (S.D.N.Y. 2006) .............................................................................................4

*Register v. PNC Finance Services Group, Inc.*,
   2005 WL 3120268 (Nov. 21, 2005), *appeal pending,* No. 05-3588 (3d Cir. filed Dec.
   20, 2005) ................................................................................................................................1

### STATUTES

Fed R. Civ. P. 23....................................................................................................................3

29 U.S.C. § 1054....................................................................................................................2

I.      **NATURE AND STAGE OF PROCEEDINGS**

The first of two actions challenging the Defendants' conversion of a defined benefit pension plan to a cash balance sub-plan was filed on September 26, 2005. (*Charles v. Pepco Holdings, Inc.*, C.A.No. 05-702 (D. Del.), D.I. 1.). The second action was filed by the same law firm on January 25, 2006. (*Troup v. Pepco Holdings, Inc.*, C.A.No. 06-010 (D. Del.), D.I. 1). The complaints raise identical claims against the same Defendants.

The parties stipulated that the motion to dismiss and responsive briefs filed in the *Charles* action would be deemed filed in the *Troup* action. (*Troup*, D.I. 9). The Court denied the Defendants' motions to dismiss on June 12, 2006. *See Charles v. Pepco Holdings, Inc.*, 2006 WL 1652749 (D. Del. June 12, 2006). Defendants subsequently moved for re-argument, and the Court denied that request on July 11, 2006, while staying Count III. *See Charles v. Pepco Holdings, Inc.*, 2006 WL 1892672 (D. Del. July 11, 2006).[1] On July 18, 2006, the parties stipulated to the consolidation of the *Charles* and *Troup* complaints under the *Charles* civil action number, 05-702. (*Charles*, D.I. 33). Defendants filed answers to both actions on August 1, 2006. (D.I. 38, 39). The Court held a scheduling conference on August 2, 2006, and issued a scheduling order on August 8, 2006. (D.I. 41).

Plaintiffs have requested that Defendants stipulate to appointment of interim class counsel. Because *Charles* and *Troup* were filed by the same law firm, or stated differently,

---

[1] The Court stayed Count III of the Complaint pending a ruling from the Third Circuit Court of Appeals in *Register v. PNC Fin. Servs. Group, Inc.*, No. 04-CV-6097, 2005 WL 3120268 (Nov. 21, 2005), *appeal pending,* No. 05-3588 (3d Cir. filed Dec. 20, 2005), on the preferred statutory interpretation of § 204 (b)(1)(H). It is significant that the primary opinion relied on by the plaintiffs was recently reversed. In *Cooper v. IBM Pers. Pension Plan*, No. 05-3588, 2006 WL 2243300 (7th Cir. Aug. 7, 2006), the Seventh Circuit Court of Appeals, in reversing the district court's ruling, held that IBM's cash balance pension plan did not violate ERISA's age discrimination provision. *Id.* at *3-4. In reaching its decision, the court reasoned that "[n]othing in the language or background of §204(b)(1)(H)(i) suggests that Congress set out to legislate against the fact that younger workers have (statistically) more time left before retirement, and thus a greater opportunity to earn interest on each year's retirement savings. Treating the time value of money as a form of discrimination is not sensible*.*" *Id.* at *3 (emphasis added).

because there is no rivalry among competing law firms, Plaintiffs' counsel's request is not appropriate and is inconsistent with the Federal Rules of Civil Procedure. For these reasons, Defendants rejected Plaintiffs' request. Plaintiffs then filed a motion asking this Court to appoint the law firm of Chimicles & Tikellis LLP – the only firm that has filed an action – as interim class counsel. (D.I. 42).

## II.   SUMMARY OF ARGUMENT

Plaintiffs' motion for appointment of interim class counsel should be denied. This request is unnecessary, premature and inappropriate. With just four Plaintiffs, all represented by the same counsel, this litigation should proceed in the traditional fashion.

## III.   STATEMENT OF FACTS

This consolidated action involves Defendants' conversion of a defined benefit pension plan to a cash balance sub-plan. Plaintiffs challenge the conversion of the pension plan as violation of ERISA.

Plaintiffs allege four claims. First, Plaintiffs claim that Defendants violated the anti-backloading requirements of Section 204(b) of ERISA, 29 U.S.C. § 1054(b)(1)(A)-(C), because the cash balance sub-plan allegedly does not satisfy any of the three alternative tests provided by Section 204(b)(1), 29 U.S.C. § 1054(b)(1). Second, Plaintiffs assert that the cash balance sub-plan violates 204(b)(1)(G) of ERISA, 29 U.S.C. § 1054(b)(1)(G), because it allegedly permits the accrued benefit of a participant to be reduced in subsequent years on account of age. Third, Plaintiffs claim that the cash balance sub-plan violates Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H), because the rate at which a participant's benefit accrues under the cash balance sub-plan is allegedly reduced as the participant's age increases. Fourth, Plaintiffs claim that the cash balance sub-plan violates Section 204(h) of

ERISA, 29 U.S.C. § 1054(h), because Defendants allegedly failed to provide the proper notice relating to the amendment of the plan.

## IV.    ARGUMENT

Plaintiffs are jumping the gun – and ignoring the purpose of Federal Rule of Civil Procedure 23(g)(2)(A) – in asking the Court to name "Interim Class Counsel." There is no need for such designation at this time. Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim class counsel to act on behalf of the putative class counsel before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). However, the commentary to Rule 23 explains that the interim class counsel rule was designed to deal with circumstances involving potential "rivalry" where different lawyers represent different plaintiffs. Indeed, the circumstance in which "interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

The Advisory Committee Notes also specifically state that "[b]efore class certification, however, it will usually be important for an attorney" to do certain things – undertake discovery, make or respond to motions for class certification, and possibly to discuss settlement. Fed R. Civ. P. 23 Advisory Committee's Note. "Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim class counsel appropriate." *Id.* "Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it." *Id.* Similarly, The Manual for Complex Litigation (Fourth) explains that it is unnecessary to appoint interim class counsel in these circumstances: "If the lawyer who filed the suit is likely to be the

-3-

only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Manual for Complex Litigation (Fourth) § 21.11 (2004); a*ccord Donaldson*, 2006 WL 1308582, at *1.  Here, because the <u>same</u> law firm, Chimicles & Tikellis LLP, filed both actions and represents all plaintiffs, there is no possibility of any rivalry or lack of coordination.

In fact, the circumstances here are similar to those in *Donaldson v. Pharmacia Pension Plan* where the Court rejected a similar motion.  *Donaldson* was a putative class action with three named plaintiffs.  The court denied a motion to name the law firm that represented the three plaintiffs as interim class counsel, holding that "appointment of interim class counsel is not appropriate where . . . a single law firm has brought a class action and seeks appointment as counsel." *Id.* at *1.  *See also In re Issuer Plaintiff Initial Public Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (rejecting motion to appoint interim class counsel where there was no rivalry among any competing law firms).  In reaching its decision, the *Donaldson* court reasoned that "absent special circumstances requiring appointment of interim counsel, the Court prefers to take up the matter of adequacy of representation and appointment of class counsel at such time as Plaintiffs may seek class certification." *Id.* at *2.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for appointment of interim class counsel.

Respectfully submitted

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
Larry R. Wood, Jr. (#3262)
Phillip T. Mellet (#4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

and

Susan K. Hoffman *(pro hac vice)*
Kay Kyungsun Yu *(pro hac vice)*
Barak A. Bassman *(pro hac vice)*
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 (telephone)

Dated: August 29, 2006    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Phillip T. Mellet, hereby certify that on August 29, 2006 a true and correct copy of the foregoing Defendants' Answering Brief In Opposition to Plaintiffs' Motion For Appointment of Interim Class Counsel was served upon the following counsel in the manner indicated:

Pamela S. Tikellis, Esq.
Robert J. Kriner, Jr., Esq.
A. Zachary Naylor, Esq.
Robert R. Davis, Esq.
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
*(via e-filing and hand-delivery)*

James R. Malone, Jr., Esq.
Joseph G. Sauder, Esq.
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
*(via U.S. Mail)*

Attorneys for Plaintiffs

/s/ Phillip T. Mellet
Phillip T. Mellet (#4741)

-6-