UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR APPOINTMENT OF INTERIM CLASS COUNSEL

            **CHIMICLES & TIKELLIS LLP**
            Pamela S. Tikellis (#2172)
            Robert J. Kriner, Jr. (#2546)
            A. Zachary Naylor (#4439)
            One Rodney Square
            P.O. Box 1035
            Wilmington, DE 19899
            302-656-2500 (telephone)
            302-656-9053 (fax)

            and

            James R. Malone, Jr.
            (*pro hac vice*)
            Joseph G. Sauder
            (*pro hac vice*)
            One Haverford Centre
            361 West Lancaster Avenue
            Haverford, PA 19041
            610-642-8500 (telephone)
            610-649-3633 (fax)

September 6, 2006         Attorneys for Plaintiffs

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

THIS COURT SHOULD APPOINT INTERIM CLASS COUNSEL ....................................................... 1

CONCLUSION ............................................................................................................................... 3

# TABLE OF AUTHORITIES

*Reynolds v. Beneficial National Bank,*
  288 F.3d 277 (7th Cir. 2002) ................................................................................................2

**RULES**

Fed. R. Civ. P. 23(g)(1) .............................................................................................................1

Fed. R. Civ. P. 23(g)(2)(A) ...................................................................................................1, 2

**MISCELLANEOUS**

*Third Circuit Task Force Report, Selection of Class Counsel,*
  208 F.R.D. 340 (2002) ...........................................................................................................2

## INTRODUCTION

In moving for the appointment of interim class counsel, plaintiffs relied primarily on the Court's referral of these consolidated actions to Magistrate Judge Thynge to explore ADR. Defendants oppose the appointment of interim class counsel, suggesting that appointment of interim class counsel is only appropriate in situations where potential rivalry exists.

## ARGUMENT

### THIS COURT SHOULD APPOINT INTERIM CLASS COUNSEL.

Rule 23(g) provides this Court with authority to appoint class counsel, including interim counsel who may be designated to act on behalf of the class prior to formal certification. Fed. R. Civ. P. 23(g)(1), (2)(A). The committee notes explicitly state that one of the purposes for appointing interim class counsel is to clarify the role of counsel in settlement discussions. Fed. R. Civ. P. 23(g), committee note. This Court's scheduling order has referred these consolidated cases to Magistrate Judge Thynge to explore settlement. (D.I. 41, ¶ 4). Plaintiffs sought the appointment of interim class counsel to make counsel's authority clear in that context.

In response, defendants assert that interim class counsel should only be appointed where there is a prospect for rivalry. (D.I. 48 at 3-4). While there is support for defendants' position, plaintiffs submit that it should be rejected. The prospect for rivalry among lawyers may be the reason why Rule 23(g)(2)(A) was enacted, but the rule itself does not limit its application solely to cases in which

plaintiffs' counsel disagree over case strategy. Instead, it simply states that "[t]he court may designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A).

Interim class counsel have previously been appointed in class actions where plaintiffs' counsel agree on how the leadership of the cases should be structured. For example, in *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc.*, No. 05-075-SLR, this Court entered an order appointing interim co-lead counsel, although there was no dispute among counsel on who should be appointed. *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc.*, No. 05-075-SLR, Order, ¶ 14 (D. Del. June 23, 2005) (attached as Exhibit A). In fact, the Third Circuit has explicitly recognized that the determination of which lawyers should lead class cases is usually best resolved by that type of private ordering. *See Third Circuit Task Force Report, Selection of Class Counsel*, 208 F.R.D. 340, 416-19 (2002). Thus, while the prospect for rivalry may have been the reason why Rule 23(g)(2)(A) was enacted, that does not mean it may only be exercised where there is a dispute over leadership among competing lawyers.[1]

Plaintiffs and defendants have been directed to confer with Magistrate Judge Thynge on ADR procedures in October. (D.I. 46). Plaintiffs submit that it is

---

[1] That there is currently no competing slate of lawyers does not mean that a dispute won't arise in the future. There have been documented instances where defendants have sought out ineffectual lawyers to push through weak settlements. *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280-83 (7th Cir. 2002).

appropriate for the Court to appoint interim class counsel so that counsel's authority to discuss settlement or other alternative mechanisms to resolve these cases is clear. Moreover, as plaintiffs noted in their opening brief, a formal designation of interim class counsel may provide absent class members with greater comfort that any communication that they have with plaintiffs' counsel are privileged. Defendants, in contrast, will not be prejudiced. An interim appointment does not in any way impair their ability to contest class certification.

## CONCLUSION

Based upon the arguments and authorities set forth above, plaintiffs respectfully request that their motion for appointment of interim class counsel be granted.

Respectfully submitted,

Dated: September 6, 2006                **CHIMICLES & TIKELLIS LLP**

___/s/ A. Zachary Naylor____
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
302-656-2500 (telephone)
302-656-9053 (fax)

and

        James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs