UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

NOTICE OF THIRD PARTY SUBPOENA

To: All Defendants

PLEASE TAKE NOTICE that, pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, plaintiffs served a subpoena for the production of documents in the form attached hereto as Exhibit 1 on Watson Wyatt & Co.

Dated: September 20, 2006                 **CHIMICLES & TIKELLIS LLP**

                                          By: /s/ A. Zachary Naylor
                                             Pamela S. Tikellis (#2172)
                                             Robert J. Kriner (#2546)
                                             A. Zachary Naylor (#4439)
                                             One Rodney Square
                                             P.O. Box 1035
                                             Wilmington, DE 19899
                                             302-656-2500 (telephone)
                                             302-656-9053 (fax)

                                          **CHIMICLES & TIKELLIS LLP**
                                          James R. Malone, Jr.

1

(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **THE DISTRICT OF COLUMBIA**

| CHARLES | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| PEPCO HOLDINGS, INC. | Case Number:[1] 05-702 (SLR) (D. Del.) |

TO:  WATSON WYATT & CO.
     901 North Glebe Road
     Arlington, VA  22203

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

DOCUMENTS DESCRIBED IN ATTACHMENT A

| PLACE  FINKELSTEIN THOMPSON & LOUGHRAN<br>1050 30th Street, NW, Washington, DC  20007 | DATE AND TIME<br>10/5/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Benjamin J. Weir* | 9/18/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Benjamin J. Weir, FINKELSTEIN THOMPSON & LOUGHRAN
1050 30th Street, NW, Washington, DC 20007, 202-337-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                 DATE                      SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. "Conectiv" shall mean Conectiv, a Delaware corporation, its predecessors and successors and all of their officers, directors, employees, and agents.

2. "Pepco" shall mean Pepco Holdings, Inc., a Delaware corporation, its predecessors and successors, and all of their officers, directors, employees, and agents.

3. "ACE" shall mean Atlantic City Electric Company, a New Jersey corporation, its predecessors and successors, and all of their officers, directors, employees, and agents.

4. "Delmarva" shall mean Delmarva Power & Light Company, a Delaware and Virginia corporation, its predecessors and successors, and all of their officers, directors, employees, and agents.

5. "Towers Perrin" shall mean Towers, Perrin, Forster & Crosby, Inc., a Pennsylvania corporation doing business under the fictitious name Towers Perrin, its predecessors and successors, and all of their officers, directors, employees, and agents.

6. "You" or "Watson Wyatt" shall mean Watson Wyatt & Co., a Delaware corporation, its predecessors and successors, and all of their officers, directors, employees, and agents.

7. "ACE Plan" shall mean the Atlantic City Electric Company Retirement Plan.

8. "Delmarva Plan" shall mean the Delmarva Power & Light Company Retirement Plan.

9. "Conectiv Plan" shall mean the Conectiv Retirement Plan, which was the successor by merger to the ACE Plan and the Delmarva Plan.

10. "Pepco Holdings Plan" shall mean the Pepco Holdings Retirement Plan.

11. "ACE Sub-Plan" shall mean the sub-plan of the Conectiv Plan that covers employees represented by IBEW Local 210 or Local 210A.

12. "Delmarva Sub-Plan" shall mean the sub-plan of the Conectiv Plan that covers employees represented by IBEW Local 1238, Local 1238A, Local 1307, or Local 1307A.

13. "Cash Balance Sub-Plan" shall mean the Conectiv Cash Balance Sub-Plan which became effective as of January 1, 1999.

14. "Conversion" shall refer to the transaction or transactions in which the ACE Plan and the Delmarva Plan were merged to form the Conectiv Plan and the Cash Balance Sub-Plan became effective.

15. "Grandfather Benefits" shall refer to the benefits provided to certain participants in the Conectiv Plan and the Pepco Holdings Plan pursuant to section 3.6 of the Cash Balance Sub-Plan.

16. The term "Document" shall mean any tangible thing within the scope of Rule 34 of the Federal Rules of Civil Procedure, and includes data stored electronically (including but not limited to electronic mail) or in any other format from which any information can be derived or retrieved. The term "document" also all attachments, enclosures or documents affixed or referred to in any documents identified in response to any of the following document requests. Any copy or draft of a document containing any information in addition to or in any way different from that contained in or on the original shall be deemed a separate document for purposes of these requests.

17. "Person" shall mean any individual, partnership, firm, association, organization or other entity.

18. "Communicate" or "Communication" means the transmission of data, information or ideas, whether orally, in writing, or via electronic media.

19. The "Actions" shall refer to *Charles v. Pepco Holdings, Inc.*, No. 05-702 (SLR)(D. Del.), *Troup v. Pepco Holdings, Inc*, No. 06-0010(SLR)(D. Del.), or either of them.

20. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing a document or any part thereof, set forth in complete detail each and every fact upon which the privilege or confidentiality is based on, if referring to a document, include a complete description of the document, including sufficient facts for the Court to make a full determination of whether the claim is valid.

4

21. To the extent that you believe that documents responsive to this subpoena are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, you may be entitled to designate them as confidential under a protective order entered by the Court in this action, a copy of which can be obtained from the attorney who issued this subpoena.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All correspondence, e-mails or other Documents that reflect or record Communications between You and Conectiv that refer or relate to the Conversion.

2. All correspondence, e-mails or other Documents that reflect or record Communications between You and ACE that refer or relate to the Conversion.

3. All correspondence, e-mails or other Documents that reflect or record Communications between You and Delmarva that refer or relate to the Conversion.

4. All correspondence, e-mails or other Documents that reflect or record Communications between You and Towers Perrin that refer or relate to the Conversion.

5. All correspondence, e-mails or other Documents that reflect or record Communications between You and Pepco that refer or relate to the Actions.

6. All correspondence, e-mails or other Documents that reflect or record Communications between You and Conectiv that refer or relate to the Actions.

7. All correspondence, e-mails or other Documents that reflect or record Communications between You and Towers Perrin that refer or relate to the Actions.

8. All Documents and Communications relating to the approval of amendments to the ACE Plan, the Delmarva Plan or both in connection with the Conversion.

9. All Documents that refer or relate to the merger of the ACE Plan and the Delmarva Plan.

10. All actuarial reports or opinion letters issued in connection with the Conversion.

11. All Documents generated in the course of preparing any actuarial report or opinion letter issued in connection with the Conversion.

12. All Form 5500 Annual Reports, including all schedules and attachments thereto, for the Pepco Holdings Plan for plan years 2003 to present.

13. All Documents generated in the course of preparing the Form 5500 Annual Reports and the schedules and attachments thereto for the Pepco Holdings Plan for plan years 2003 to present.

14. All actuarial reports for the Pepco Holdings Plan for plan years 2003 to present.

15. All Documents generated in the course of preparing the actuarial reports for the Pepco Holdings Plan for plan years 2003 to present.

16. All Documents referring or relating to the Conversion.

17. All Documents that refer or relate to the reasons why the Cash Balance Sub-Plan was adopted.

18. All Documents that refer or relate to the terms on which Grandfather Benefits would be offered.

19. All Documents that refer or relate to the reasons why the ACE Sub-Plan was adopted.

20. All Documents that refer or relate to the reasons why the Delmarva Sub-Plan was adopted.

21. All Documents that refer or relate to the extent to which the Cash Balance Sub-Plan would comply with Section 204(b)(1)(A), (B), (C) of ERISA, 29 U.S.C. § 1054(b)(1)(A), (B), (C), and Section 411(b)(1)(A), (B), (C) of the Internal Revenue Code, 26 U.S.C. § 411(b)(1)(A), (B), (C).

22. All Documents that refer or relate to the extent to which the Cash Balance Sub-Plan would comply with Section 204(b)(1)(G) of ERISA, 29 U.S.C. § 1054(b)(1)(G), and Section 411(b)(1)(G) of the Internal Revenue Code.

23. All Documents that refer or relate to the extent to which adoption of the Cash Balance Sub-Plan would result in a significant reduction in the rate of future benefits accrual for participants in the ACE Plan.

24. All Documents that refer or relate to the extent to which adoption of the Cash Balance Sub-Plan would result in a significant reduction in the rate of future benefits accrual for participants in the Delmarva Plan.

25. All Documents that refer or relate to any curtailment of Conectiv's pension obligations under generally accepted accounting principles that would result from the Conversion.

26. All correspondence, e-mails or other Documents that reflect or record Communications between You and Conectiv that refer or relate to Grandfather Benefits.

27. All correspondence, e-mails or other Documents that reflect or record Communications between You and Towers Perrin that refer or relate to Grandfather Benefits.

28. All Communications issued to participants in the ACE Plan advising them of the Conversion or of their rights under the Cash Balance Sub-Plan, and all drafts of each such Communication.

29. All Communications issued to participants in the Delmarva Plan advising them of the Conversion or of their rights under the Cash Balance Sub-Plan, and all drafts of each such Communication.

30. Documents sufficient to identify all present and former Watson Wyatt personnel who worked on the Conversion.

31.    All Documents that refer or relate to your retention policies for all Documents relating to the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Pepco Holdings Plan, the Conversion and the Cash Balance Sub-Plan.

## CERTIFICATE OF SERVICE

I, A. Zachary Naylor, hereby certify that I have on this dated caused the foregoing Notice of Third Party Subpoena to be served via electronic filing on the following counsel for Defendants:

M. Duncan Grant, Esquire
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709

Dated: September 20, 2006        /s/ A. Zachary Naylor
                                  A. Zachary Naylor (#4439)