UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | C. A. NO. 05-702(SLR)<br>(Lead Case) |

**PLAINTIFFS' REPORT FOR DISCOVERY CONFERENCE**

In accordance with this Court's scheduling order, plaintiffs hereby submit this report on discovery issues:

1. On July 14, 2006, plaintiffs served their initial disclosures, identifying thirteen individuals and several entities believed to have knowledge of discoverable matter.

2. On August 11, 2006, plaintiffs produced the documents identified in their disclosures to defendants, which totaled approximately 800 pages.

3. On August 18, 2006, plaintiffs served interrogatories and requests for production.

4. On September 8, 2006, defendants served their disclosures, identifying one individual with knowledge of discoverable matter.

5. Between September 15th and September 18th, plaintiffs issued document subpoenas to two actuarial consulting firms previously identified in their disclosures.

6. On September 18, 2006, defendants served objections and responses to plaintiffs' first set of interrogatories and objections to plaintiffs' document requests.

7. On September 26, 2006, the parties had a telephone conference to review the status of discovery and discuss its appropriate scope. Participating on behalf of the plaintiffs were A. Zachary Naylor and James R. Malone, Jr. Participating on behalf of the defendants were Susan Katz Hoffman, Larry R. Wood, and Kay Kyungsun Yu. Plaintiffs' counsel raised questions about some of the objections to discovery lodged by defendants.

8. Generally, the parties appear to have differing views of the extent to which background information on issues such as the reason the cash balance design was selected and the reason why grandfather benefits were offered to particular groups is relevant. Plaintiffs consider this information relevant for at least two reasons. First, this type of material is relevant to test the extent to which defendants expected the rate of benefit accrual to be lower under the cash balance design than under the existing final average pay plans, which is what triggers the defendants' obligation to provide notice under Section 204(h) of ERISA, 29 U.S.C. § 1054(h), the subject of Count IV of the complaint. Second, plaintiffs believe this information relevant to the subject of remedies. For example, in the IBM litigation, there was extensive motion practice over the appropriate remedy for a claimed violation of Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H).[1] The plan sponsor argued that retroactive relief was inappropriate because it was essentially blind-sided by a dramatic change in the law. *Cooper v. IBM Personal Pension Plan,* 2004 WL 322918 (S.D. Ill. Feb. 12, 2004), *reversed on other grounds,* 457 F.3d 636 (7th Cir. 2006). Thus, plaintiffs believe that background information on the reasons why the cash balance design was selected and the reasons why grandfather benefits were offered to particular groups are also relevant to the issue of remedies.

---

[1] Plaintiffs are mindful that the Court has stayed Count III of the complaint. We expect, however, that the same types of remedial issues would be raised by defendants on at least some of the other Counts plaintiffs have alleged. The grant of summary judgment in IBM was recently reversed by the Seventh Circuit. *Cooper v. IBM Personal Pension Plan,* 457 F.3d 636 (7th Cir. 2006).

9. During the September 26 telephone conference, defendants' counsel indicated that they expected their document production to include some material bearing on the design issues. The parties also discussed the issue of drafts, which defendants do not consider relevant. Plaintiffs' consider drafts of the cash balance plan and the employee communications issued in connection with the conversion to the cash balance design to be relevant. During the course of the telephone conference, defendants' counsel advised plaintiffs' counsel that a first wave of documents would be produced that week, and that efforts to find responsive documents in defendants' archives were still ongoing.

10. On September 28, 2006, defendants served responses to plaintiffs' document requests and produced an initial wave of documents totaling approximately 3400 pages of material. This production appears to consist primarily of plan documents, summary plan descriptions, annual reports on Form 5500, and employee communications. Plaintiffs' counsel have not yet had an opportunity to review this material in detail.

11. Plaintiffs anticipate further dialog with defendants concerning the scope of appropriate discovery in this matter on the issues outlined above. Plaintiffs believe that those issues are best addressed after defendants conclude their production of documents under plaintiffs' first request.

12. Document production from the actuarial consulting firms subject to the subpoenas described above had been scheduled for this week. Plaintiffs' counsel have been contacted by one entity requesting a brief extension of the response date, which we have granted. The other subpoena calls for production to occur on October 5, 2006 in Washington, D.C.

Dated: October 2, 2006                    **CHIMICLES & TIKELLIS LLP**

By:    /s/ A. Zachary Naylor
   Pamela S. Tikellis (#2172)
   Robert J. Kriner (#2546)
   A. Zachary Naylor (#4439)
   One Rodney Square
   P.O. Box 1035
   Wilmington, DE 19899
   302-656-2500 (telephone)
   302-656-9053 (fax)

**CHIMICLES & TIKELLIS LLP**
   James R. Malone, Jr.
   (Appearing *pro hac vice*)
   Joseph G. Sauder
   (Appearing *pro hac vice*)
   One Haverford Centre
   361 West Lancaster Avenue
   Haverford, PA 19041
   610-642-8500 (telephone)
   610-649-3633 (fax)