# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W.<br>WARD, JR.; and JOSEPH I. FINK, JR., on behalf<br>of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and<br>PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C. A. NO. 05-702(SLR)<br>(Lead Case) |

## DEFENDANTS' REPORT FOR DISCOVERY CONFERENCE

In accordance with this Court's Scheduling Order, Defendants hereby submit this report on discovery issues:[1]

1.      On July 14, 2006, Plaintiffs served their initial disclosures, identifying thirteen individuals and several entities believed to have knowledge of discoverable matter.

2.      On August 8, 2006, this Court entered the Joint Proposed Scheduling Order (the "Scheduling Order").  As part of that Scheduling Order, Defendants were to provide their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) by September 8, 2006.

3.      On August 11, 2006, Plaintiffs produced the documents identified in their disclosures to Defendants, which totaled approximately 800 pages.

4.      On August 18, 2006, Plaintiffs served interrogatories and requests for production.

---

[1]      This report is based on the draft report provided to Defendants by Plaintiffs at 9:39 a.m. on October 2, 2006, and includes Defendants' revisions.  However, because counsel for Defendants were unable to provide these revisions by 1:00 p.m. today as requested by Plaintiffs' counsel, Defendants separately file this report.

5.      On September 8, 2006, consistent with the Scheduling Order, Defendants served their disclosures, identifying one individual likely to have discoverable information that Defendants may use to support their defenses of the three non-stayed claims in this matter.[2]

6.      Between September 15th and September 18th, Plaintiffs issued document subpoenas to two actuarial consulting firms previously identified in their disclosures.

7.      On September 18, 2006, Defendants served objections and responses to Plaintiffs' first set of interrogatories and objections to Plaintiffs' document requests.

8.      On September 26, 2006, the parties had a telephone conference to review the status of discovery and, on a preliminary basis, discussed its appropriate scope. Participating on behalf of the Plaintiffs were A. Zachary Naylor and James R. Malone, Jr. Participating on behalf of the Defendants were Susan Katz Hoffman, Larry R. Wood, and Kay Kyungsun Yu.

9.      During the September 26 telephone conference, Defendants' counsel indicated that they expected their document production to include some material bearing on the design issues. The parties also discussed the issue of drafts, which Defendants do not consider relevant. Plaintiffs consider drafts of the cash balance plan and the employee communications issued in

---

[2]      In its July 11, 2006 Memorandum Opinion and Order, this Court stayed Count III of Plaintiffs' complaint, namely, Plaintiffs' claim that Conectiv's Cash Balance Sub-Plan violates Section 204(b)(1)(H) of ERISA because, as Plaintiffs' allege, the rate at which a participant accrues benefits under the plan is reduced as the participant's age increases. In doing so, the Court noted that "one of the major cases relied on by Plaintiffs is . . . under review by the Seventh Circuit Court of Appeals." *See* D.I. 31, at 6 n.2. On August 7, 2006, the Seventh Circuit reversed the *Cooper v. IBM Personal Pension Plan* case (the case relied on by Plaintiffs) explaining that ERISA does not require the time value of money to be treated as age discrimination. In its July 11, 2006 Memorandum Opinion, this Court also recognized that Plaintiffs' claim under ERISA § 204(b)(1)(G) could not be that Plaintiffs' accrued benefits "can decrease despite additional service" as such claim would not be viable. The Court explained, however, that it would give Plaintiffs an opportunity to conduct discovery on the issue of whether Defendants' "use of a variable interest rate actually caused" Plaintiffs' accrued benefit "to decrease 'on account of additional service.'" It is Defendants' position that discovery on that limited issue will be limited under Rule 26.

connection with the conversion to the cash balance design to be relevant. During the course of the telephone conference, Defendants' counsel advised Plaintiffs' counsel that a first wave of documents would be produced that week, and that efforts to find responsive documents in Defendants' archives were still ongoing.

10.     On September 28, 2006, Defendants served responses to Plaintiffs' document requests and produced an initial wave of documents totaling approximately 3400 pages of material. This production appears to consist primarily of plan documents, summary plan descriptions, annual reports on Form 5500, and employee communications. Plaintiffs' counsel have not yet had an opportunity to review this material in detail.

11.     During the September 26 telephone conference, Plaintiffs' counsel raised questions about some of the objections to discovery lodged by Defendants, and Defendants' counsel raised questions about the relevance under Federal Rule of Civil Procedure 26 to some of Plaintiffs' discovery requests, particularly as to how such discovery relates to the non-stayed claims. Generally, the parties appear to have differing views of the extent to which background information on issues such as the reason the cash balance design was selected and the reason why grandfather benefits were offered to particular groups is relevant.

**Plaintiffs' Preliminary Position**:  Plaintiffs consider this information relevant for at least two reasons. First, this type of material is relevant to test the extent to which Defendants expected the rate of benefit accrual to be lower under the cash balance design than under the existing final average pay plans, which is what triggers the Defendants' obligation to provide notice under Section 204(h) of ERISA, 29 U.S.C. § 1054(h), the subject of Count IV of the complaint. Second, Plaintiffs believe this information relevant to the subject of remedies. For example, in the IBM litigation, there was extensive motion practice over the appropriate remedy

3

for a claimed violation of Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H).[3] The plan

sponsor argued that retroactive relief was inappropriate because it was essentially blind-sided by

a dramatic change in the law. *Cooper v. IBM Personal Pension Plan,* 2004 WL 322918 (S.D. Ill.

Feb. 12, 2004), *reversed on other grounds,* 457 F.3d 636 (7th Cir. 2006). Thus, Plaintiffs believe

that background information on the reasons why the cash balance design was selected and the

reasons why grandfather benefits were offered to particular groups are also relevant to the issue

of remedies.

**Defendants' Preliminary Position**: Defendants were not involved in the *Cooper v. IBM*

*Personal Pension Plan* matter, and therefore, cannot speak to what may or may not have been

argued in that case in terms of appropriate discovery. In all events, however, the district court's

decision in that matter was reversed by the Seventh Circuit Court of Appeals. Discovery will be

governed by Federal Rule of Civil Procedure 26(b)(1) which states that a party may obtain

discovery only of information that is "relevant to the claim or defense of any party." Defendants

have produced a large amount of information, and as Plaintiffs' counsel recognizes, no concrete

discovery disputes exist at this time, nor have Plaintiffs' filed a Rule 37 motion to compel. At

issue in any such motion necessarily will be the Pension Protection Act signed by the President

of the United States on August 17, 2006, expressly making cash balance plans (such as

Conectiv's Cash Balance Sub-Plan at issue here) legal and non-discriminatory. Defendants do

not believe that much discovery is necessary under Plaintiffs' non-stayed claims. Moreover, the

version of ERISA § 204(h) in effect at the time of the amendment required that notice be given

---

[3]     Plaintiffs are mindful that the Court has stayed Count III of the complaint. We expect,
however, that the same types of remedial issues would be raised by Defendants on at least some
of the other Counts Plaintiffs have alleged. The grant of summary judgment in IBM was recently
reversed by the Seventh Circuit. *Cooper v. IBM Personal Pension Plan,* 457 F.3d 636 (7th Cir.
2006).

when an amendment provided for "a significant reduction in the rate of future benefit accrual." Thus, a 204(h) notice is triggered upon a reduction in the rate of future benefit accrual, not upon Defendants' expectation at the time the cash balance plan design was adopted.

12.    Plaintiffs anticipate further dialog with Defendants concerning the scope of appropriate discovery in this matter on the issues outlined above.  Plaintiffs believe that those issues are best addressed after Defendants conclude their production of documents under Plaintiffs' first request.

13.    Document production from the actuarial consulting firms subject to the subpoenas described above had been scheduled for this week.  Plaintiffs' counsel have been contacted by one entity requesting a brief extension of the response date, which we have granted.  The other subpoena calls for production to occur on October 5, 2006 in Washington, D.C.

Dated: October 2, 2006                 PEPPER HAMILTON LLP

                                       By: _____
                                          M. Duncan Grant (Del. Bar No. 2994)
                                          Philip T. Mellet (Del. Bar No. 4741)
                                          Hercules Plaza, Suite 5300
                                          1313 Market Street
                                          Wilmington, DE 19899-1709
                                          302-777-6500 (telephone)
                                          302-421-8390 (fax)

                                                    and

**PEPPER HAMILTON LLP**
Susan Katz Hoffman
(*pro hac vice*)
Larry R. Wood, Jr. (Del. Bar No. 3262)
Kay Kyungsun Yu
(*pro hac vice*)
Barak A. Bassman
(*pro hac vice*)
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000 (telephone)
215-981-4750 (fax)

Attorneys for Defendants