IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : | NO. 05-702 (SLR) |
| | : : | |
| PEPCO HOLDINGS, INC.; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, | : : : | |
| Defendants | : : : | |

## DEFENDANTS' SUPPLEMENTAL REPORT FOR DISCOVERY CONFERENCE

In accordance with this Court's Scheduling Order, Defendants hereby submit this supplemental report on discovery issues, which differs from Defendants earlier report of October 2, 2006 by adding Paragraph 12, deleting Paragraphs 13 and 14, and revising Defendants' Preliminary Position:

1.      On July 14, 2006, Plaintiffs served their initial disclosures, identifying thirteen individuals and several entities believed to have knowledge of discoverable matter.

2.      On August 8, 2006, this Court entered the Joint Proposed Scheduling Order (the "Scheduling Order").  As part of that Scheduling Order, Defendants were to provide their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) by September 8, 2006.

3.      On August 11, 2006, Plaintiffs produced the documents identified in their disclosures to Defendants, which totaled approximately 800 pages.

4.      On August 18, 2006, Plaintiffs served interrogatories and requests for production.

5.      On September 8, 2006, consistent with the Scheduling Order, Defendants served

their disclosures, identifying one individual likely to have discoverable information that

Defendants may use to support their defenses of the three non-stayed claims in this matter.[1]

6.      Between September 15th and September 18th, Plaintiffs issued document

subpoenas to two actuarial consulting firms previously identified in their disclosures.

7.      On September 18, 2006, Defendants served objections and responses to Plaintiffs'

first set of interrogatories and objections to Plaintiffs' document requests.

8.      On September 26, 2006, the parties had a telephone conference to review the

status of discovery and, on a preliminary basis, discussed its appropriate scope.  Participating on

behalf of the Plaintiffs were A. Zachary Naylor and James R. Malone, Jr.  Participating on behalf

of the Defendants were Susan Katz Hoffman, Larry R. Wood, and Kay Kyungsun Yu.

9.      During the September 26 telephone conference, Defendants' counsel indicated

that they expected their document production to include some material bearing on the design

issues.  The parties also discussed the issue of drafts, which Defendants do not consider relevant.

Plaintiffs consider drafts of the cash balance plan and the employee communications issued in

---

[1]      In its July 11, 2006 Memorandum Opinion and Order, this Court stayed Count III of
Plaintiffs' complaint, namely, Plaintiffs' claim that Conectiv's Cash Balance Sub-Plan violates
Section 204(b)(1)(H) of ERISA because, as Plaintiffs' allege, the rate at which a participant
accrues benefits under the plan is reduced as the participant's age increases.  In doing so, the
Court noted that "one of the major cases relied on by Plaintiffs is . . . under review by the
Seventh Circuit Court of Appeals."  *See* D.I. 31, at 6 n.2.  On August 7, 2006, the Seventh
Circuit reversed the *Cooper v. IBM Personal Pension Plan* case (the case relied on by Plaintiffs)
explaining that ERISA does not require the time value of money to be treated as age
discrimination.  In its July 11, 2006 Memorandum Opinion, this Court also recognized that
Plaintiffs' claim under ERISA § 204(b)(1)(G) could not be that Plaintiffs' accrued benefits "can
decrease despite additional service" as such claim would not be viable.  The Court explained,
however, that it would give Plaintiffs an opportunity to conduct discovery on the issue of
whether Defendants' "use of a variable interest rate actually caused" Plaintiffs' accrued benefit
"to decrease 'on account of additional service.'"  It is Defendants' position that discovery on that
limited issue will be limited under Rule 26.

connection with the conversion to the cash balance design to be relevant. During the course of the telephone conference, Defendants' counsel advised Plaintiffs' counsel that a first wave of documents would be produced that week, and that efforts to find responsive documents in Defendants' archives were still ongoing.

10.     On September 28, 2006, Defendants served responses to Plaintiffs' document requests and produced an initial wave of documents totaling approximately 3400 pages of material. This production appears to consist primarily of plan documents, summary plan descriptions, annual reports on Form 5500, and employee communications.

11.     During the September 26 telephone conference, Plaintiffs' counsel raised questions about some of the objections to discovery lodged by Defendants, and Defendants' counsel raised questions about the relevance under Federal Rule of Civil Procedure 26 to some of Plaintiffs' discovery requests, particularly as to how such discovery relates to the non-stayed claims. Generally, the parties appear to have differing views of the extent to which background information on issues such as the reason the cash balance design was selected and the reason why grandfather benefits were offered to particular groups is relevant.

12.     On October 23, 2006, Defendants supplemented their previous document production with additional plan documents and annual reports on Form 5500, as well as participant account statements.

**Plaintiffs' Preliminary Position**: Plaintiffs consider this information relevant for at least two reasons. First, this type of material is relevant to test the extent to which Defendants expected the rate of benefit accrual to be lower under the cash balance design than under the existing final average pay plans, which is what triggers the Defendants' obligation to provide notice under Section 204(h) of ERISA, 29 U.S.C. § 1054(h), the subject of Count IV of the

complaint. Second, Plaintiffs believe this information relevant to the subject of remedies. For example, in the IBM litigation, there was extensive motion practice over the appropriate remedy for a claimed violation of Section 204(b)(1)(H) of ERISA, 29 U.S.C. § 1054(b)(1)(H).[2] The plan sponsor argued that retroactive relief was inappropriate because it was essentially blind-sided by a dramatic change in the law. *Cooper v. IBM Personal Pension Plan,* 2004 WL 322918 (S.D. Ill. Feb. 12, 2004), *reversed on other grounds,* 457 F.3d 636 (7th Cir. 2006). Thus, Plaintiffs believe that background information on the reasons why the cash balance design was selected and the reasons why grandfather benefits were offered to particular groups are also relevant to the issue of remedies.

**Defendants' Preliminary Position**: Defendants were not involved in the *Cooper v. IBM Personal Pension Plan* matter, and therefore, cannot speak to what may or may not have been argued in that case in terms of appropriate discovery. In all events, however, the district court's decision in that matter was reversed by the Seventh Circuit Court of Appeals. Discovery will be governed by Federal Rule of Civil Procedure 26(b)(1) which states that a party may obtain discovery only of information that is "relevant to the claim or defense of any party." As explained in the Motion for Protective Order that Defendants are filing today, Defendants believe that the only discovery relevant to the non-stayed claims consists of the relevant Cash Balance Sub-Plan, Summary Plan Descriptions for the Cash Balance Sub-Plan, annual reports on Form 5500 for the Cash Balance Sub-Plan, participant statements for the Cash Balance Sub-Plan, and employee communications regarding the January 1, 1999 amendment establishing the cash

---

[2]    Plaintiffs are mindful that the Court has stayed Count III of the complaint. We expect, however, that the same types of remedial issues would be raised by Defendants on at least some of the other Counts Plaintiffs have alleged. The grant of summary judgment in IBM was recently reversed by the Seventh Circuit. *Cooper v. IBM Personal Pension Plan,* 457 F.3d 636 (7th Cir. 2006).

balance formula – the documents that Defendants have produced – and that no further discovery

from Defendants or third parties Watson Wyatt and Towers Perrin (whom Plaintiffs subpoenaed)

is relevant.  Defendants respectfully refer the Court to their Opening Brief in Support of their

Motion for Protective Order for a full explanation of their position.

Indeed, courts have repeatedly decided claims under the ERISA subsections under which

Plaintiffs sue by reference only to the final plan document itself.  Claims for alleged improper

backloading of benefits per ERISA § 204(b)(1)(B) – Count I of the Complaint – are typically

decided based on the face of the plan.  See, e.g., Allen v. Honeywell Retirement Earnings Plan,

382 F.Supp.2d 1139, 1160 (D. Ariz. 2005) (adjudicating anti-backloading claim based on face of

Plan documents); Campanella v. Mason Tenders' District Council Pension Plan, 299 F.Supp.2d

274, 284-285 (S.D.N.Y. 2004) (same).  Similarly, claims that accrued benefits have been

improperly reduced on account of age or years of service per ERISA § 204(b)(1)(G) – Count II

of the Complaint – require only information as to plaintiff's account in the plan and the plan

itself.  See DiCioccio v. Duquesne Light Co., 911 F. Supp. 880, 904 (W.D. Pa. 1995)

(adjudicating 204(b)(1)(G) claim based solely on terms of the Plan documents).

Finally, to make out a claim under ERISA § 204(h) – Count IV of the Complaint –

Plaintiffs only must show that (1) there was an amendment to the plan that would provide for a

significant reduction in the rate of future benefit accrual and (2) the advance notice of the

amendment did not comply with the statute.  Contrary to Plaintiffs' repeated assertions, it is

irrelevant whether the plan sponsor believed that an amendment would, or would not reduce the

future rate of accrual; Section 204(h) is a strict liability statute that mandates notice if the

amendment *will* result in such a future reduction, regardless of intent.  See Koenig v.

Intercontinental Life Corp., 880 F. Supp. 372, 375 n. 4 (E.D. Pa. 1995) (rejecting argument that

good faith amendment would be exempt from 204(h) notice; "ERISA does not ask, 'why was this amendment made?' It asks only 'was there an amendment and did it result in a significant reduction in the rate of future benefit accrual?'").

/s/ Phillip T. Mellet

M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Susan K. Hoffman
Larry R. Wood, Jr. (Del. Bar No. 3262)
Kay Kyungsun Yu
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000 (telephone)
215-981-4750 (fax)

Attorneys for Defendants

Dated:  October 25, 2006