EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Pepco Holdings, Inc., Conectiv, and Pepco Holdings Retirement Plan (collectively, "Defendants"), by their attorneys, hereby respond to Plaintiffs' First Set of Requests for Production of Documents ("Document Requests") on the following bases.

### GENERAL OBJECTIONS

Defendants make the following objections to each of Plaintiffs' Documents Requests:

1.  Defendants object to the definitions, instructions and Documents Requests to the extent they impose obligations on defendants that are inconsistent with the applicable Federal Rules of Civil Procedure or otherwise exceed the permissible scope of discovery under these rules.

2.  Defendants object to the Documents Requests to the extent that they may be construed to require Defendants to search for and disclose information and documents that

have already been provided to Plaintiffs and/or are otherwise as equally accessible to the Plaintiffs as they are to Defendants.

3.  Defendants object to the Documents Requests to the extent they seek information that is protected against disclosure by the attorney-client privilege, the work product doctrine, the patient-physician relationship, legal protections against the invasion of a third party's right to privacy, or any other applicable rule of privilege or confidentiality provided by law. Any response or document containing such information, whether advertent or inadvertent, shall not constitute a waiver of the applicable protection. Defendants reserve the right to recall any inadvertently produced privileged information and to object to its introduction into evidence at any time before or at trial in this matter.

4.  Defendants object to the Documents Requests as overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants after reasonable investigation or the production of documents that are not in Defendants' possession, custody or control.

5.  Defendants object to the Documents Requests to the extent they would cause unreasonable annoyance, embarrassment, oppression, burden, or expense.

6.  Defendants object to the Documents Requests to the extent they require defendants to use more than reasonable diligence to provide information based on an examination of those files that may reasonably be expected to yield responsive information and inquiry of those persons who may reasonably be expected to possess relevant information.

7.  Defendants object to the Documents Requests as overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information or the production of documents containing information that is neither relevant to the claim or

defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Defendants object to the Documents Requests to the extent they are duplicative and cumulative.

9. Defendants object to the Documents Requests to the extent that they would require Defendants to warrant that the information provided is exhaustive of each request for production of documents or information. Defendants will provide information in good faith and consistent with its obligations under the Federal Rules of Civil Procedure.

10. Defendants object to Definition 16 (which purports to define the term "Documents") to the extent it purports to impose obligations on defendants that are inconsistent with the applicable Federal Rules of Civil Procedure or otherwise exceed the permissible scope of discovery under the Rules.

11. Defendants object to the Documents Requests to the extent they request confidential, sensitive, secret, or non-public information, and will only disclose such information pursuant to a stipulated protective order entered into by the parties and approved by the Court.

12. Defendants object to the Documents Requests to the extent they call for information or documents or portions thereof which do not relate to the claims asserted by Plaintiffs in their complaint on the grounds that such information and documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. Defendants object to the Documents Requests to the extent they call for information or documents or portions thereof which are related to the stayed claim. On July 11, 2006, the Honorable Sue L. Robinson stayed Count III of the Complaint pending a ruling from

the Third Circuit in, *Register v. PNC Finan. Servs. Group,* 04-cv 6097, 2005 WL 3120268 (E.D. Pa. Nov. 21, 2005), *appeal pending,* No. 05-3588 (3d Cir. filed Dec. 20, 2005), on the preferred statutory interpretation of ERISA § 204(b)(1)(H). Defendants will not respond to any Documents Requests related to Count III of the Complaint.

14. Defendants object to the Documents Requests to the extent they seek information or documents related to the design of grandfathered benefits, on the grounds that such information and documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15. Defendants' decision to provide information or documents notwithstanding the objectionable nature of any of the Documents Requests should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the General Objections or the objection asserted in response to a specific discovery request; or (c) an agreement that requests for similar documents or information in this or any other related proceeding will be treated in a similar manner.

16. These general objections are hereby incorporated into each and every response to the individual Documents Requests as if fully set forth, and whether or not specifically referenced therein. Defendants' responses to the individual Documents Requests are provided subject to and without waiver of the foregoing general objections, whether or not repeated therein, and any other specific objection thereto.

17. Defendants' responses to each Interrogatory are made after a reasonable inquiry into the relevant facts within the time allowed for responding to the Documents Requests. Defendants reserve the right to supplement, amend, correct or modify their respective objections as additional information becomes available.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All plan documents for the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Pepco Holdings Plan, the ACE Sub-Plan and the Delmarva Sub-Plan and all amendments to them.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 1 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

2. All plan documents for the Cash Balance Sub-Plan, all drafts of them and all amendments to them.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Defendants further object to Document Request No. 2 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

3. All Documents and Communications relating to the approval of amendments to the ACE Plan, the Delmarva Plan or both in connection with the Conversion.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 3 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

4. All minutes and other records of the Board of Directors or any committee thereof of ACE, Delmarva or Conectiv that refer to the Conversion or the adoption of the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 4 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product privilege.

5. All Summary Plan Descriptions for the ACE Plan, the Delmarva Plan, the Conectiv Plan, and the Pepco Holdings Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 5 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

6. All Summary Annual Reports for the ACE Plan, the Delmarva Plan, the Conectiv Plan, and the Pepco Holdings Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 6 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

7. All Summaries of Material Modifications for the ACE Plan, the Delmarva Plan, the Conectiv Plan, and the Pepco Holdings Plan for each year such documents have been prepared.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 7 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

8. All Form 5500 Annual Reports, including all schedules and attachments thereto, for the ACE Plan and the Delmarva Plan for 1997 and 1998.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 8 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

9. All Form 5500 Annual Reports, including all schedules and attachments thereto, for the Conectiv Retirement Plan from 1999 to the present.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 9 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

10. All Documents referring or relating to the Conversion.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 10 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

11. All Documents that refer or relate to the reasons for adopting the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

12. All Documents that refer or relate to the terms on which Grandfather Benefits would be offered.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Defendants further object to Document Request No. 12 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants specifically refer Plaintiffs to General Objection No. 14.

13. All Documents that refer or relate to the reasons why the ACE Sub-Plan was adopted.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

14. All Documents that refer or relate to the reasons why the Delmarva Sub-Plan was adopted.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

15. All Communications referring or relating to the extent to which adoption of the Cash Balance Sub-Plan would result in a significant reduction in the rate of future benefits accrual for participants in the ACE Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 15 to the extent it calls for a legal conclusion.

16. All Communications referring or relating to the extent to which adoption of the Cash Balance Sub-Plan would result in a significant reduction in the rate of future benefits accrual for participants in the Delmarva Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 16 to the extent it calls for a legal conclusion.

17.    All Communications referring or relating to any curtailment of Conectiv's pension obligations under generally accepted accounting principles that would result from the Conversion.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 17 to the extent it calls for a legal conclusion.

18.    All Communications between Conectiv and Towers Perrin referring or relating to the Conversion or the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 18 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

19.    All Communications between Conectiv and Towers Perrin referring or relating to Grandfather Benefits.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

20.    All Communications between Conectiv and Watson Wyatt referring or relating to the Conversion or the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 20 to the extent it is

overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

21. All Communications between Conectiv and Watson Wyatt referring or relating to Grandfather Benefits.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 21 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants. In addition, Defendants specifically refer Plaintiffs to General Objection No. 14.

22. All Communications issued to participants in the ACE Plan advising them of the Conversion or of their rights under the Cash Balance Sub-Plan, and all drafts of each such Communication.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Defendants further object to Document Request No. 22 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants object to Document Request No. 22 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

23. All Communications issued to participants in the Delmarva Plan advising them of the Conversion or of their rights under the Cash Balance Sub-Plan, and all drafts of each such Communication.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 23 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants object to Document Request No. 23 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

24. All Communications directed to the named plaintiffs advising them of the Conversion or of their rights under the Cash Balance Sub-Plan, and all drafts of each such Communication.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 24 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants object to Document Request No. 24 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

25.   All statements issued to the named plaintiffs reflecting the amount of their account under the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Document Request No. 25 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

26.   All Documents identified in Defendants' Rule 26(a)(1)(B) Disclosures.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein.

27.   All Documents that refer or relate to your retention policies for all Documents relating to the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Conversion and the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Defendants further object to Document Request No. 27 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product privilege. In addition, Defendants object to Document Request No. 27 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

Dated: September 20, 2006

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
Phillip T. Mellet (#4741)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

and

Susan K. Hoffman *(pro hac vice)*
Larry R. Wood, Jr. (#3262)
Kay Kyungsun Yu *(pro hac vice)*
Barak A. Bassman *(pro hac vice)*
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000

Attorneys for Defendants