EXHIBIT "C"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, <br><br> Defendants. | C. A. NO. 05-702 (SLR) <br> (Lead Case) |

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendants Pepco Holdings, Inc., Conectiv, and Pepco Holdings Retirement Plan (collectively, "Defendants"), by their attorneys, hereby object to Plaintiffs' First Set of Interrogatories on the following bases.

### GENERAL OBJECTIONS

Defendants make the following objections to each of Plaintiffs' Interrogatories:

1. Defendants object to the definitions, instructions and Interrogatories to the extent they impose obligations on defendants that are inconsistent with the applicable Federal Rules of Civil Procedure or otherwise exceed the permissible scope of discovery under these rules.

2. Defendants object to the Interrogatories to the extent that they may be construed to require Defendants to search for and disclose information and documents that have already been provided to Plaintiffs and/or are otherwise as equally accessible to the Plaintiffs as they are to Defendants.

3. Defendants object to the Interrogatories to the extent they seek information that is protected against disclosure by the attorney-client privilege, the work product doctrine, the patient-physician relationship, legal protections against the invasion of a third party's right to privacy, or any other applicable rule of privilege or confidentiality provided by law. Any response or document containing such information, whether advertent or inadvertent, shall not constitute a waiver of the applicable protection. Defendants reserve the right to recall any inadvertently produced privileged information and to object to its introduction into evidence at any time before or at trial in this matter.

4. Defendants object to the Interrogatories as overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants after reasonable investigation or the production of documents that are not in Defendants' possession, custody or control.

5. Defendants object to the Interrogatories to the extent they would cause unreasonable annoyance, embarrassment, oppression, burden, or expense.

6. Defendants object to the Interrogatories to the extent they require defendants to use more than reasonable diligence to provide information based on an examination of those files that may reasonably be expected to yield responsive information and inquiry of those persons who may reasonably be expected to possess relevant information.

7. Defendants object to the Interrogatories as overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information or the production of documents containing information that is neither relevant to the claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.

8.  Defendants object to the Interrogatories to the extent they are duplicative and cumulative.

9.  Defendants object to the Interrogatories to the extent that they would require Defendants to warrant that the information provided is exhaustive of each request for production of documents or information. Defendants will provide information in good faith and consistent with its obligations under the Federal Rules of Civil Procedure.

10. Defendants object to Definition 16 (which purports to define the term "Documents") to the extent it purports to impose obligations on defendants that are inconsistent with the applicable Federal Rules of Civil Procedure or otherwise exceed the permissible scope of discovery under the Rules.

11. Defendants object to the Interrogatories to the extent they request confidential, sensitive, secret, or non-public information, and will only disclose such information pursuant to a stipulated protective order entered into by the parties and approved by the Court.

12. Defendants object to the Interrogatories to the extent they call for information or documents or portions thereof which do not relate to the claims asserted by Plaintiffs in their complaint on the grounds that such information and documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. Defendants object to the Interrogatories to the extent they call for information or documents or portions thereof which are related to the stayed claim. On July 11, 2006, the Honorable Sue L. Robinson stayed Count III of the Complaint pending a ruling from the Third Circuit in, *Register v. PNC Finan. Servs. Group*, 04-cv 6097, 2005 WL 3120268 (E.D. Pa. Nov. 21, 2005), *appeal pending*, No. 05-3588 (3d Cir. filed Dec. 20, 2005), on the preferred

statutory interpretation of ERISA § 204(b)(1)(H). Defendants will not respond to any Interrogatories related to Count III of the Complaint.

14. Defendants object to the Interrogatories to the extent they seek information or documents related to the design of grandfathered benefits, on the grounds that such information and documents are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

15. Defendants' decision to provide information or documents notwithstanding the objectionable nature of any of the Interrogatories should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the General Objections or the objection asserted in response to a specific discovery request; or (c) an agreement that requests for similar documents or information in this or any other related proceeding will be treated in a similar manner.

16. These general objections are hereby incorporated into each and every response to the individual Interrogatories as if fully set forth, and whether or not specifically referenced therein. Defendants' responses to the individual Interrogatories are provided subject to and without waiver of the foregoing general objections, whether or not repeated therein, and any other specific objection thereto.

17. Defendants' responses to each Interrogatory are made after a reasonable inquiry into the relevant facts within the time allowed for responding to the Interrogatories. Defendants reserve the right to supplement, amend, correct or modify their respective objections as additional information becomes available.

## INTERROGATORIES

1. Identify each Person who has provided information to assist in answering any of these interrogatories.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 1 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product privilege and on the basis that the word "assist" is vague and ambiguous.

2. Describe Conectiv's retention policies for all Documents relating to the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Conversion and the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 2 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants. Furthermore, Defendants object to Document Request No. 2 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product privilege.

3. Identify all Persons with knowledge of your retention policies for all Documents relating to the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Conversion and the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 3 to the extent it is overly

broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

4.  If any Document relating to the ACE Plan, the Delmarva Plan, the Conectiv Plan, the Conversion and the Cash Balance Sub-Plan has been destroyed, please provide the following information: a) identify the Document; b) state the date it was destroyed; c) state why the Document was destroyed; and d) identify the Person who authorized its destruction.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 4 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

5.  Identify all Persons with knowledge of the existence and location of any data stored in electronic form that refers or relates to the Conversion or the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 5 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

6. Identify all Persons with knowledge of the Conversion.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 6 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

7. Identify all Persons with knowledge of the reasons why Conectiv elected to adopt the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

8. Identify all Persons with knowledge of the reasons why Conectiv elected to adopt the ACE Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

9. Identify all Persons with knowledge of the reasons why Conectiv elected to adopt the Delmarva Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.


10. Identify all Persons with knowledge of the Communications that Conectiv issued to participants in the ACE Plan, the Delmarva Plan and the Conectiv Plan advising them of the Conversion or their rights under the Cash Balance Sub-Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants object to Interrogatory No. 10 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants.

11. Identify all Persons with knowledge of the manner in which the terms for Grandfather Benefits were selected.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. In addition, Defendants specifically refer Plaintiffs to General Objection Nos. 13 and 14.

12. Identify all Persons who were compensated for services rendered in connection with the Conversion from the assets of the ACE Plan, the Delmarva Plan, or the Conectiv Plan.

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Defendants further object to Interrogatory No. 12 to the extent it is overly broad, unduly burdensome and beyond the permissible scope of discovery to the extent they seek information unavailable to Defendants. In addition, Defendants specifically refer Plaintiffs to General Objection No. 13.

13. Does any defendant intend to rely upon the advice of counsel as a defense to any claim in this action?

**OBJECTION:** Defendants incorporate their General Objections as if fully set forth herein. Furthermore, Defendants object to Interrogatory No. 13 to the extent it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product privilege.

Dated: September 20, 2006

/s/ M. Duncan Grant
M. Duncan Grant (#2994)
Phillip T. Mellet (#4741)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

and

Susan K. Hoffman *(pro hac vice)*
Larry R. Wood, Jr. (#3262)
Kay Kyungsun Yu *(pro hac vice)*
Barak A. Bassman *(pro hac vice)*
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000

Attorneys for Defendants