EXHIBIT "F"



October 2, 2006

*Via Federal Express*

Benjamin J Wier, Esq
Finkelstein Thompson & Loughran
1050 30th Street NW
Washington, DC 20007

RE:  Subpoena to Custodian of Records of Watson Wyatt & Co
     *Charles v. Pepco Holdings, Inc.*
     United States District Court District of Columbia

Dear Mr. Weir:

I am writing as counsel for Watson Wyatt & Company ("Watson Wyatt") in response to your subpoena dated September, 18 2006. The subpoena was hand-delivered to Watson Wyatt's General Counsel's Office on September 19, 2006.

Please consider this letter as Watson Wyatt's written objections to the request for documents for purposes of Federal Rule of Civil Procedure 45(c)(2)(B) for the following reasons:

1. the subpoena is overbroad, vague and unduly burdensome because it is overbroad in scope and seeks the production of a vast quantity of documents within an unreasonably short period of time;

2. Watson Wyatt objects to the subpoena to the extent it purports to require Watson Wyatt to produce documents related to, entities and/or clients that are not at issue in the instinct action and/or are not parties to the action, documents related to work unrelated to the subject mater of the action or documents relating to other actions;

3. Watson Wyatt objects to the subpoena to the extent that it calls for information that was not generated in the form of written or printed records, on the ground that it would be unduly burdensome and oppressive to require Watson Wyatt to search through computer records or other means of electronic or magnetic data storage or compilations;

4. the subpoena is unduly burdensome and will impose a substantial cost and burden on Watson Wyatt, which is not a party to your suit;

5. the subpoena is unduly burdensome and oppressive because it seeks the production of a vast quantity of documents maintained over many years within an unreasonably short period of time;



Benjamin J Wier, Esq
Finkelstein Thompson & Loughran
October 2, 2006
Page 2

6. the subpoena is overbroad, unduly burdensome and oppressive to the extent that it requires the production of documents and redundant discovery from a non-party which should be readily obtainable from the parties or from sources other than Watson Wyatt more conveniently and at less expense;

7. the subpoena is unduly burdensome and oppressive in that it requires the preservation and production of electronic information in a manner that will impose unreasonable costs of preservation without regard to the cost of production;

8. the subpoena is unduly burdensome and oppressive in that it requires the production of electronic information that is not readily accessible and will required extraordinary costs of production;

9. the subpoena may seek confidential and proprietary employee/participant personnel records and sensitive information which Watson Wyatt may have a duty to protect;

10. the subpoena seeks confidential and proprietary information of Watson Wyatt; and

11. the subpoena seeks, in whole or in part, production of documents which may contain information protected by attorney-client privilege and work product doctrine, including notes concerning communications with counsel and work in progress.

Please appreciate that these objections address important concerns on our part. Accordingly, until we can resolve these objections, we will not produce any documents by the October 5, 2006 deadline. To assist us in working together to resolve these concerns, let me illustrate.

*Undue Burden.* Your document request is expansive, and this will impose a substantial cost and burden on Watson Wyatt, which is not a party to your suit. If you truly are interested in the broad universe of documents identified, please let me know how you intend to address the substantial cost and burden this request will inflict on Watson Wyatt. Our reimbursable costs will include the hourly costs of our "regular personnel for their time spent on the document production." *U.S. v. CBS, Inc.*, 103 F.R.D. 365, 370 (C.D. Cal. 1984), *on remand from* 666 F.2d 364, 371 (9th Cir.), *cert. denied*, 457 U.S. 1118 (1982); *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 339 (N.D. Cal. 1995). *Mycogen Plant Science, Inc. v. Monsanto Co.*, 164 F.R.D. 623 (E.D. Pa.1996); *Cantaline v. Raymark Industries, Inc.*, 103 F.R.D. 447, 452 (S.D. Fla. 1984). The authorities suggests the costs of compliance should be paid in advance. *See, Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996).

If you would prefer to focus the scope of documents to be produced more narrowly, please do so. I would particularly encourage a request that obviates the need to produce redundant duplicates



Benjamin J Wier, Esq
Finkelstein Thompson & Loughran
October 2, 2006
Page 3

of documents attainable from the litigants. I also suggest that Watson Wyatt be provided with a more reasonable period of time within which to comply with your request. Providing Watson Wyatt with a more reasonable period of time to respond will be less disruptive and decrease the cost passed on to your client.

Additionally, please propose how you intend to offset the cost of electronic discovery. Searches for relevant electronic records can be expensive. For example, in our experience the outside vendor cost of recovering a single date range of email of a single associate from back-up tapes exceeds $10,000 -- aside from the internal costs which we expect you to bear. Additionally, the burden of preserving otherwise obsolete back-up tapes prevent those tapes from being overwritten is costly. Unless you state that you do not require such tapes, we expect you to bear all costs associated with their preservation.

Furthermore, your subpoena suggests that you intend that we preserve emails which will soon overwhelm our electronic systems, necessitating the purchase of geometrically increasing storage medium. This can generally run several hundred thousand dollars every several months. We expect you to bear this cost, in advance.

*Personnel data.* In the course of providing our services, we are often required to analyze and use data that contains personal financial and medical information about individual participants in employee benefit plans. Participants ordinarily have privacy expectations in this data, and rightly so. We routinely address this issue with a confidentiality agreement, or by adding Watson Wyatt to any confidentiality order that may already be in place. Please provide a copy of the confidentiality order you propose. If you do seek not seek any participant data, please provide a more focused description of the scope of documents sought.

*Proprietary Information.* Many of the documents and information sought may contain proprietary information and trade secrets of Watson Wyatt developed at great expense over many years. If any of the secrets of this program were to fall into the hands of any competitor of Watson Wyatt (such as an expert witness) or any other user of actuarial products (such as, say, an insurance company) this would obviously result in irreparable injury to Watson Wyatt. Since many of our work papers contain information that could disclose how our proprietary systems operate or reveal trade secrets, a confidentiality and indemnification agreement binding each attorney, expert and party *must* be in place if you intend to review any documents with proprietary information or trade secrets.

*Privilege Issues.* Our responsive documents may include communications with legal counsel for a pension plan sponsor that may be subject to attorney-client privilege. *See, e.g., Siskind v. Sperry Retirement Program*, 47 F.3d 498, 505 (2d Cir.1995); *Becher v. LILCO*, 129 F.3d 268 (2nd Cir. 1997). We will be in a better position to determine if this is the case once we have located and reviewed the documents sought.

Benjamin J Wier, Esq
Finkelstein Thompson & Loughran
October 2, 2006
Page 4



Finally, I intend to copy our correspondence to opposing counsel involved in your litigation. In cases where Watson Wyatt is a non-party served with a subpoena, we do to keep out of the middle of disputes between the litigants. If there are any counsel in addition to the attorney identified below, please let me know.

In the meantime, please refrain from direct communications with any Watson Wyatt employees and direct all further communications to me, as legal counsel for Watson Wyatt. We will be in touch, but if you have any questions, please do not hesitate to call me at (703) 258-7414 to discuss our objections and avenues for resolution.

Very truly yours,

Alice Poole
Counsel

cc:   Kay Kyungsun Yu
      Pepper Hamilton LLP 3000 Two Logan Square
      Eighteenth & Arch Streets
      Philadelphia, PA  19103-2799