UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>                    Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

At Wilmington, this _____ day of _____, 2007, the Court having considered Plaintiffs' Motion for Class Certification, the defendants' response and plaintiffs' reply, as well as the record herein,

IT IS ORDERED that:

1. Plaintiffs' Motion for Class Certification is granted.

2. These consolidated actions may proceed as a class action on behalf of a class (the "Class") defined as follows:

> All persons who have had their accrued benefit determined pursuant to the terms of the Cash Balance Sub-Plan of the Conectiv Retirement Plan and their beneficiaries. Excluded from the Class are those persons who qualified for the grandfathered benefit and who will reach Normal Retirement Age on or before December 31, 2008, along with their beneficiaries.

3. The Class meets the requirements of FED. R. CIV. P. 23(a) in that:

a. The members of the Class are so numerous that their joinder would be impracticable;

b. The claims asserted by Plaintiffs, on behalf of themselves and the Class, present numerous common issues of law and fact;

c. Named Plaintiffs J. Michael Charles, Maurice W. Ward, Jr., Joseph I. Fink, Jr. and Thomas S. Troup are members of the Class and their claims are typical of those that would be prosecuted on behalf of the members of the Class.

d. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class and Sub-Class.

4. The Class meets the requirements of FED. R. CIV. P. 23(b)(1) and 23(b)(2) in that:

a. The claims asserted on behalf of the Class relate to their rights under uniform provisions of the Conectiv Retirement Plan, the Cash Balance Sub-Plan, and their predecessors, as well as statutory standards under ERISA, all of which must be applied and administered in a uniform fashion for all participants and beneficiaries;

b. There is a risk that adjudications of individual claims on a non-class basis either would establish incompatible standards of conduct for Defendants thus warranting certification under FED. R. CIV. P. 23(b)(1)(A), or would, as a practical matter, be dispositive of the interests of other members of the Class, or substantially impair or impede their

ability to protect their interests, thus warranting certification under FED. R. CIV. P. 23(b)(1)(B); and

    c.    Defendants are charged with having acted or refused to act on grounds generally applicable to all members of the Class, making appropriate final class-wide declaratory and injunctive relief, thus warranting certification under FED. R. CIV. P. 23(b)(2).

5.    In light of the foregoing factors, the Class is hereby certified for class action treatment pursuant to FED. R. CIV. P. 23(b)(1) and 23(b)(2). As a consequence, all members of the Class are mandatory members who may not opt-out or exclude themselves from the Class.

6.    Named Plaintiffs J. Michael Charles, Maurice W. Ward, Jr., Joseph I. Fink, Jr. and Thomas S. Troup are hereby appointed as representatives of the Class.

7.    Having considered the work counsel has done in identifying and investigating potential claims, counsel's experience, counsel's knowledge of the applicable law, and the resources that counsel can bring to bear, the Court hereby appoints the law firm of Chimicles & Tikellis LLP as counsel to the Class.

8.    In accordance with FED. R. CIV. P. 23(c)(1)(B), the Court hereby identifies the following class claims, issues and defenses:

    a.    *Plaintiffs' Claims and Issues:*

        i.    whether the Class Balance Sub-Part of the Conectiv Retirement Plan violates the accrual requirements of Section 204 of ERISA,

specifically Sections 204(b)(1)(A), (B), (C), 29 U.S.C. § 1054(b)(1)(A), (B), (C);

  ii. whether the Cash Balance Sub-Plan of the Conectiv Retirement Plan violates Section 204(b)(1)(G) of ERISA, 29 U.S.C. § 1054(b)(1)(G);

  iii. whether defendant Conectiv violated the provisions of Section 204(h) of ERISA, 29 U.S.C. § 1054(h) by failing to provide participants with sufficient notice of an amendment to a plan that would result in a significant decrease in the rate of future benefit accrual;

  iv. whether the Named Plaintiffs and the members of the Class are entitled to the relief sought in the complaints in these actions, including a declaration that the Cash Balance Sub-Plan violates 29 U.S.C. §§ 1054(b)(1)(A), (B), (C), 1054(b)(1)(G); a declaration that the defendants violated 29 U.S.C. § 1054(h); a decree reforming the Pepco Holdings Plan to eliminate the Cash Balance Sub-Plan; and an injunction directing that all participants and former participants who have accrued benefits pursuant to the terms of the Cash Balance Sub-Plan shall have their accrued benefits determined pursuant to the terms of their respective predecessor plan, along with an award of appropriate costs and disbursements, including reasonable attorneys' and experts' fees.

    b.    *Defendants' Issues and Defenses:*

        i.    whether the complaints in these actions, in whole or in part, fail to state a claim upon which relief can be granted;

        ii.    whether Plaintiffs' and Class members' claims may be barred in whole or in part by the doctrines of estoppel, waiver, and/or laches;

        iii.    whether Plaintiffs' and Class members' claims are barred in whole or in part by the applicable statute of limitations;

        iv.    whether Plaintiffs' and Class members' claims are barred in whole or in part because none of them have been injured by any alleged action by the Defendants.

9.    The foregoing list of class claims, issues and defenses is subject to modification and amendment as this litigation progresses. The failure to formally modify this Order shall not preclude the Court from resolving any additional claims, issues, or defenses on a class-wide basis.

 

                                                            _____
                                                            Sue L. Robinson
                                                            Chief U.S. District Judge