UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, <br><br> Defendants. | C. A. NO. 05-702 (SLR) <br> (Lead Case) |

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION
TO DEFENDANTS PEPCO HOLDINGS, INC. AND CONECTIV**

PLEASE TAKE NOTICE that on March 1, 2007, at the offices of Chimicles & Tikellis LLP, One Rodney Square, Wilmington, Delaware 19899, plaintiffs shall take the deposition upon oral examination of representatives of Pepco Holdings, Inc. and Conectiv in this action who are knowledgeable regarding the matters set forth below. These depositions will be taken pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure and will be recorded by stenographic and/or sound and visual means. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Pepco Holdings, Inc., and Conectiv are to designate on or more officers, directors, or managing agents, or other persons who consent to testify on their behalf on the matters set forth in this notice.

**I.     DEFINITIONS**

1. "Conectiv" shall mean Conectiv, its predecessors and successors and all of their officers, directors, employees, and agents.

2. "Pepco" shall mean Pepco Holdings, Inc., its predecessors and successors, and all of their officers, directors, employees, and agents.

3. "ACE" shall mean Atlantic City Electric Company, its predecessors and successors, and all of their officers, directors, employees, and agents.

4. "Delmarva" shall mean Delmarva Power & Light Company, its predecessors and successors, and all of their officers, directors, employees, and agents.

5. "ACE Plan" shall mean the Atlantic City Electric Company Retirement Plan.

6. "Delmarva Plan" shall mean the Delmarva Power & Light Company Retirement Plan.

7. "Conectiv Plan" shall mean the Conectiv Retirement Plan, which was the successor by merger to the ACE Plan and the Delmarva Plan.

8. "Cash Balance Sub-Plan" shall mean the Conectiv Cash Balance Sub-Plan which became effective as of January 1, 1999.

9. "Conversion" shall refer to the transaction or transactions in which the ACE Plan and the Delmarva Plan were merged to form the Conectiv Plan and the Cash Balance Sub-Plan became effective.

10. The term "Document" shall mean any tangible thing within the scope of Rule 34 of the Federal Rules of Civil Procedure, and includes data stored electronically

(including but not limited to electronic mail) or in any other format from which any information can be derived or retrieved.

11. A Document is "issued" when it is disseminated by email, circulated in hard copy, or displayed as a presentation slide by projector or other electronic means.

12. "Person" shall mean any individual, partnership, firm, association, organization or other entity.

13. "Communicate" or "communication" means the transmission of data, information or ideas, whether orally, in writing, or via electronic media.

14. The terms "Identity" or "Identification" generally means testimony is sought that will specify, list, enumerate, catalog, classify, mark or name with sufficient specificity to locate a document or person. When testimony on the Identification of Documents is requested, the witness will be asked to state the type of Document (e.g., letter, memorandum, email, *etc.*), date, author, addressee(s), name and address of custodian, location, number of pages and description of general subject matter.  When testimony on the Identity of a Person is requested, the witness will be asked to state the name, present or last known address, present occupation and place of employment, and the dates and nature, if any, of such Person's affiliation or relationship at any time with the defendant(s).

15. "Relates" or "relating to" or "referring to," means in any way concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, modifying, terminating, revoking, canceling, indicating or listing, unless qualified by a work of limitation.

**II.     RULES OF CONSTRUCTION**

    1.    "All" means "any and all," and the word "any" means "any and all."

    2.    "Including" means "including, but not limited to."

    3.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    4.    The singular form of any word includes the plural and vice versa.

    5.    The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

**III.    RELEVANT TIME PERIOD**

Unless otherwise stated, the Relevant Time Period for testimony is January 1, 1997 to the present, including all events or circumstances during such period, even if dated, prepared, generated, used or received prior to such period.

**IV.    TOPICS ON WHICH TESTIMONY IS SOUGHT**

    1.    All Communications that Conectiv issued to participants in the ACE Plan, the Delmarva Plan and the Conectiv Plan advising them of the Conversion or their rights under the Cash Balance Sub-Plan.

    2.    The Identification of all Documents reflecting the manner in which all Communications that Conectiv issued to participants in the ACE Plan, the Delmarva Plan and the Conectiv Plan advising them of the Conversion or their rights under the Cash Balance Sub-Plan were disseminated.

3. The Identification of all Documents that Conectiv issued pursuant to Section 204(h) of ERISA.

4. The Identity of all Persons who were responsible for creating, approving, or issuing the documents identified below:

    i. Emerging Times October 13, 1997 (PHI003357-3360);

    ii. Emerging Times October 20, 1997 (PHI003361-3364);

    iii. Watson Wyatt: Conectiv Cash Balance Plan February 20, 1998 (JMC00444-458);

    iv. Facts (PHI003365-3372);

    v. Conectiv Compensation and Benefits April 1998 (PHI001588-1591);

    vi. December 21, 1998 Letter to Conectiv Management Employee (JMC0001-5);

    vii. Your Conectiv Total Rewards (JMC00190-196);

    viii. Conectiv Total Rewards (JMC00197-214);

    ix. InSight March 1999 (PHI003428-3431);

    x. MidWeek Extra June 23, 1999 (JMC00006-7);

    xi. InSight July 1999 (PHI003436-3439);

    xii. InSight online July 9,1999 (PHI003440-3442);

    xiii. Conectiv: Cash Balance Pension Plan (MWW00219-225, 301-07);

    xiv. Cash Balance Retirement Plan (JMC0020);

    xv. Summary Plan Description (JMC00077-101);

  xvi. Conectiv Retirement Plan: Summary Plan Descriptions (MWW00055-126);

  xvii. Introducing the New Cash Balance Retirement Plan (MWW00308-311);

  xviii. Facts: Update on Benefits Planning Process (MWW00229-232);

  xix. Conectiv Cash Balance Plan July 1999 (MWW00301-307);

  xx. Account Statements (PHI003730-3785).

5. The date or dates when Conectiv issued the Documents listed in paragraph 4 above.

6. The manner in which Conectiv issued the Documents listed in paragraph 4 above.

7. The Identity of all Persons to whom Conectiv issued the documents listed in paragraph 4 above.

8. The Identity of all Persons who attended the Informational Meetings listed on JMC0007.

9. The Identity of all Persons who explained the Cash Balance Sub-Plan at the Informational Meetings listed on JMC0007.

10. The Identification of all Documents issued at the Informational Meetings listed on JMC0007.

11. With respect to the following statement contained in Defendants' 10-Q for the quarter ended September 30, 2006:

> While PHI believes it has a strong legal position in the case and that it is therefore unlikely that the plaintiffs will prevail, PHI estimates that the ABO and projected benefit obligation (PBO), calculated in accordance

with SFAS No. 87, each would increase by approximately $12 million, assuming no change in benefits for persons who have already retired or whose employment has been terminated and using actuarial valuation data as of the time the suit was filed. The ABO represents the present value that participants have earned as of the date of calculation. This means that only service already worked and compensation already earned and paid is considered.

The data (including any assumptions) and formulae used to calculate the estimated increase in ABO and PBO set forth above.

12. The Identity of all Persons who are knowledgeable concerning data (including any assumptions) and formulae used to calculate the estimated increase in ABO and PBO set forth in paragraph 11 above.

Dated: February 9, 2007                    **CHIMICLES & TIKELLIS LLP**

                                                  By: ___/s/ A. Zachary Naylor___
                                                    Pamela S. Tikellis (#2172)
                                                      Robert J. Kriner (#2546)
                                                      A. Zachary Naylor (#4439)
                                                      One Rodney Square
                                                      P.O. Box 1035
                                                      Wilmington, DE 19899
                                                      302-656-2500 (telephone)
                                                      302-656-9053 (fax)

                                                      and

        **CHIMICLES & TIKELLIS LLP**
           James R. Malone, Jr.
           (*pro hac vice*)
           Joseph G. Sauder
           (*pro hac vice*)
           One Haverford Centre
           361 West Lancaster Avenue
           Haverford, PA 19041
           610-642-8500 (telephone)
           610-649-3633 (fax)

Attorneys for Plaintiffs