IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated : : : : Plaintiffs, : : v. : : PEPCO HOLDINGS, INC.; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, : : : Defendants : : | CIVIL ACTION NO. 05-702 (SLR) |

**DEFENDANTS' OPENING BRIEF
IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN EARLY MOTION FOR
SUMMARY JUDGMENT**

Larry R. Wood, Jr. (Del. Bar No. 3262)
Kay Kyungsun Yu
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000 (telephone)
215.981.4750 (fax)

M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
302.777.6500

Susan K. Hoffman
James Boudreau
LITTLER MENDELSON PC
Three Parkway
1601 Cherry Street
Philadelphia, PA  19102
267.402.3015 (telephone)
267.430.7275 (fax)

Attorneys for Defendants

Dated: February 16, 2007

## TABLE OF CONTENTS

PAGE

I. NATURE AND STAGE OF PROCEEDINGS ....................................................................1

II. STATEMENT OF FACTS .................................................................................................3

III. SUMMARY OF ARGUMENT...........................................................................................4

IV. ARGUMENT ......................................................................................................................4

V. CONCLUSION ...................................................................................................................7

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Coburn v. DaimlerChrysler Services North America, LLC,*
　Civ. A. No. 03-00759, 2005 WL. 736657 (N.D. Ill. Mar. 31, 2005) ............................. 5

*Cooper v. IBM Personal Pension Plan,*
　457 F.3d 636 (7th Cir. 2006) ........................................................................................ 1

*Cowen v. Bank United of Texas,*
　70 F.3d 937 (7th Cir. 1995) .......................................................................................... 5

*Curtin v. United Airlines, Inc.,*
　275 F.3d 88 (D.C. Cir. 2001) ........................................................................................ 5

*Good v. Altria Group, Inc.,*
　231 F.R.D. 446 (D. Me. 2005) ................................................................................ 5, 6

*Register v. PNC Financial Services Group, Inc.,*
　__ F.3d __, 2007 WL. 222019 (3d Cir. 2006) ..................................................... 1, 2, 3, 6

*Talley v. NCO Financial System, Inc.,*
　No. 2:06-CV-48-PPS-PRC, , 2006 WL. 2927596 (N.D. Ind. Oct. 12, 2006) ............... 5

**STATUTES**

§ 204(b)(1)(G), 29 U.S.C. § 1054(b)(1)(G) ........................................................................ 3

§ 204(h), 29 U.S.C. § 1054(h) ............................................................................................ 4

**SECONDARY SOURCES**

Advisory Committee Notes to 2003 Amendments of Fed. R. Civ. P. 23 .................. 2, 3, 5

Federal Judicial Center, *Manual for Complex Litigation* (Fourth) ................................... 4

I.   **NATURE AND STAGE OF PROCEEDINGS**

On September 26, 2005, Plaintiffs J. Michael Charles, Maurice Ward, and Joseph Fink filed this putative class action, alleging that the Conectiv Cash Balance Sub Plan (the "Cash Balance Plan") violates the Employee Retirement Income Security Act of 1974 ("ERISA"). (D.I. 1.) Plaintiff Thomas Troup, represented by the same counsel, filed an almost identical Complaint on January 5, 2006, which has been consolidated with the *Charles* action. (D.I. 34.) The Complaint alleges in three counts that the Cash Balance Plan's accrual formula violates ERISA and in one count that Defendants failed to provide proper advance notice of the amendment establishing the Cash Balance Plan. (D.I. 1, ¶¶ 42-53.)

On July 11, 2006, this Court denied Defendants' Motion to Dismiss three counts of the Complaint, but stayed Defendants' Motion as to Plaintiffs' principal claim, that the Cash Balance Plan allegedly violates ERISA § 204(b)(1)(H), pending the Third Circuit's ruling in *Register v. PNC Financial Servs. Group, Inc.* (D.I. 30 and 31.) On January 30, 2007, the Third Circuit sided with the Seventh Circuit's reversal of the district court's decision in *Cooper v. IBM Personal Pension Plan*, 457 F.3d 636 (7th Cir. 2006), and upheld the Eastern District of Pennsylvania's decision that the complaint in *Register*, which asserted almost identical allegations to Plaintiffs' allegations here under not only 204(b)(1)(H) but also ERISA § 204(h)'s notice provision and ERISA's "backloading" requirements, failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). *See Register v. PNC Financial Servs. Group, Inc.*, ___ F.3d ___, 2007 WL 222019 (3d Cir. 2006). Defendants are, accordingly, concurrently filing a Notice of Supplemental Authority in support of their Motion to Dismiss Plaintiffs' ERISA § 204(b)(1)(H) claim (Count III).

Following this Court's ruling on the Motion to Dismiss, the parties conducted discovery. On November 14, 2006, to resolve a discovery dispute between the parties, the Court

required Defendants to produce some discovery, but otherwise granted Defendants' Motion for Protective Order precluding additional, unnecessary discovery sought by Plaintiffs. (D.I 62.). Defendants produced the discovery required by the Court's November 14, 2006 Order. Plaintiffs likewise have produced responsive documents. Defendants have deposed all four Plaintiffs, and responded to Plaintiffs' Interrogatories.

As Defendants informed the Court at the discovery conference on October 26, 2006, Defendants believe that they are entitled to Summary Judgment on each of Plaintiff's non-stayed individual claims (Count I, Count II and Count IV).[1] In some instances, no discovery is required to resolve those claims. Moreover, in *Register*, the Third Circuit found that various allegations almost identical to Plaintiffs' non-stayed claims were legally invalid. Under the current scheduling order, though, Defendants cannot file a Motion for Summary Judgment until August 12, 2007. (D.I. 41.) Defendants thus bring the instant Motion seeking leave to file a Motion for Summary Judgment on or before April 1, 2007.

Plaintiffs' recent filing of a Motion for Class Certification does not prevent Defendants from immediately moving for summary judgment, but rather counsels in favor of an early dispositive motion. This is because there is no need for the Court and the parties to expend their limited resources on extremely complex class certification issues when the entire case may be disposed of promptly on the merits (or, at the very least, narrowed). Indeed, when Rule 23 was amended in 2003, the Advisory Committee expressly recognized that a defendant should have the opportunity to win on summary judgment prior to class certification: "[T]he party opposing the class may prefer to win dismissal or summary judgment as to the individual

---

[1] The Court declined to rule on the propriety of early summary judgment in that conference, stating that "certainly we can talk about it again." (App. at A24.)

plaintiffs without certification." Advisory Committee Notes to 2003 Amendments to Rule 23. As such, Defendants also respectfully request that the Court hold Plaintiffs' Motion for Class Certification in abeyance pending the outcome of Defendants' Motion for Summary Judgment as to Plaintiffs' individual claims.

## II. STATEMENT OF FACTS

The full factual background is set forth on page 2 to 13 of Defendants' Answering Brief to the Motion for Class Certification, to which Defendants respectfully refer the Court. In brief, Plaintiffs are each long-term employees of Defendant Conectiv or its predecessors, having continuously worked for Conectiv or its predecessors since at least 1987. (D.I. 1, ¶¶ 4-6; D.I. 69, at Ex. 4 ¶ 4.) Plaintiffs allege four causes of action based on their supposed injury from changing interest rates. The Court has stayed Count III, which alleged violations of ERISA § 204(b)(1)(h), and thus that count is not subject to the instant Motion.[2]

The non-stayed counts are as follows. In Count I, Plaintiffs contend that the Cash Balance Plan violates ERISA § 204(b)(1)(A)-(C), which prohibits "backloading" of benefits, *i.e.*, requiring a disproportionately large share of retirement benefits to accrue in later years as opposed to earlier years. *Id.* ¶¶ 42-45. In Count II of their Complaint, Plaintiffs allege that the Cash Balance Plan violates ERISA § 204(b)(1)(G), 29 U.S.C. § 1054(b)(1)(G), which provides that the Cash Balance Plan is not lawful "if the participant's accrued benefit is reduced on account of any increase in his age or service." Finally, in Count IV, Plaintiffs allege that Defendants did not properly amend the previous Plans effective January 1, 1999 to calculate

---

[2] It is Defendants' position that, in light of *Register*, the Court may now rule on the stayed portion of the Motion to Dismiss and dismiss Count III for failure to state a claim under Rule 12(b)(6). Accordingly, Defendants do not seek leave to file a separate, new summary judgment motion as to Count III.

benefits under the cash balance formula because Plaintiffs purportedly did not receive the notice of amendment required by ERISA § 204(h), 29 U.S.C. § 1054(h).  (D.I. 1, ¶ 53.)

## III. SUMMARY OF ARGUMENT

1. Because this action can be resolved swiftly and efficiently through a Motion for Summary Judgment as to Plaintiffs' individual claims, this Court should permit Defendants to file an early Motion for Summary Judgment and, further, should stay consideration of Plaintiffs' Motion for Class Certification pending resolution of the issues on the merits.

## IV. ARGUMENT

It is well-established that this Court may decide the merits of Plaintiffs' individual claims before ruling on class certification. *See* Federal Judicial Center, *Manual for Complex Litigation* (Fourth), § 21.133 (2004) ("The court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification").  As the United States Court of Appeals for the District of Columbia Circuit explained:

> As plaintiffs note, it is often more efficient and fairer to the parties to decide the class question first.  But that was not so in this case where, as we discuss below, the district court readily and correctly perceived fatal flaws in plaintiffs' claims.  Reversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification. *See* Federal Judicial Center, *Manual for Complex Litigation* (Third) § 30.11 (1995) (stating that "[w]hen it is clear that the action lacks merit, dismissal [before certification] will avoid unnecessary expense for the parties and burdens for the court"). . . .
>
> In sum, in circumstances like these, where the merits of the plaintiffs' claims can be readily resolved on summary judgment, where the defendant seeks an early disposition of those claims, and where the plaintiffs are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification.

*Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001); *see also Cowen v. Bank United of Texas*, 70 F.3d 937, 941-942 (7th Cir. 1995) (district court properly granted summary judgment on individual claims before addressing class certification); *Coburn v. DaimlerChrysler Services North America, LLC*, Civ. A. No. 03-00759, 2005 WL 736657 at *7-8 (N.D. Ill. Mar. 31, 2005) (holding that it was appropriate to address merits of putative class representatives' individual claims on summary judgment before ruling on class certification).

The 2003 amendments to Rule 23 endorsed the procedure of addressing the merits of the putative class representatives' individual claims before considering the complex questions of class certification. In particular, Rule 23 was amended in 2003 to require that a class certification decision be made "at an early practicable time" as opposed to "as soon as practicable," because, *inter alia*, "the party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification . . . ." Advisory Committee Notes to 2003 Amendments to Rule 23; *see also Talley v. NCO Financial Sys., Inc.*, No. 2:06-CV-48-PPS-PRC, , 2006 WL 2927596 at *2 (N.D. Ind. Oct. 12, 2006) (under amended Rule 23, appropriate to address merits of individual named plaintiffs' claims before class certification); *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005) (same).

This case is a classic example of where it would be far more appropriate and efficient to address the merits of the individual Plaintiffs' claims before ruling on class certification. As set forth in Defendants' 39-page Answering Brief, the class certification issues in this case are difficult and challenging, undoubtedly requiring a great deal of time and attention from the Court and the parties.

In contrast, the issues to be resolved on summary judgment for Plaintiffs' individual claims are simple and straightforward. First, as detailed in Defendants' Answering

Brief regarding class certification, the testimony and documents from each Plaintiff shows that each individual claim is barred by the applicable three-year statute of limitations. *See* Answering Brief at 9-12, 26-27. Second, as also detailed in the Answering Brief, each individual Plaintiff has **benefited** from the conversion to a Cash Balance Plan. *Id.* at 25-26. This certainly defeats any claim under ERISA § 204(h), which only mandates notice of amendments that will **decrease** the rate of future benefit accrual. *Id.*

Furthermore, the *Register* opinion casts further, grave doubt upon the viability of Plaintiffs' theories. The *Register* Plaintiffs asserted similar claims to the instant Plaintiffs for violations of ERISA's anti-backloading and notice requirements. *Register*, 2007 WL 222019 at *2. The Third Circuit affirmed the lower court's grant of a motion to dismiss these claims, holding that, even based on only the pleadings, Plaintiffs failed to set forth a claim. *Id.* at *11-13.[3]

In sum, there is simply no reason to delay addressing the merits of Plaintiffs' individual claims. A summary judgment decision will likely dispose of this entire case without the need to drain this Court's limited resources in protracted class proceedings, or, at a minimum, an early summary judgment ruling will narrow and define the issues for class certification.

---

[3] After the Third Circuit issued its opinion in *Register*, and almost four months after the parties' discovery argument before the Court where Defendants explained that (a) discovery was not necessary to resolve certain of Plaintiffs' claims and (b) they would seek the opportunity to file an early summary judgment motion, Plaintiffs noticed Defendants' deposition. Apparently realizing that *Register* dooms this case, Plaintiffs are hoping to conduct a fishing expedition to try to find some new hook for their claims or at least to unfairly delay the resolution of this matter. As explained by Defendants, however, a motion for summary judgment is ripe, and, if Plaintiffs believe that some limited discovery is still necessary to defeat Defendants' motion for summary judgment, they should bring those issues to the attention of the Court consistent with the Rules of Civil Procedure.

## V.  CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court enter an Order (1) that Defendants shall file a Motion for Summary Judgment as to Plaintiffs' individual claims on or before April 1, 2007 and (2) that Plaintiffs' Motion for Class Certification shall be held in abeyance pending disposition of the Motion for Summary Judgment.

Respectfully submitted,

/s/ Phillip T. Mellet
M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
302.777.6500

Susan K. Hoffman
James Boudreau
LITTLER MENDELSON PC
Three Parkway
1601 Cherry Street
Philadelphia, PA  19102
267.402.3015 (telephone)
267.430.7275 (fax)

Larry R. Wood, Jr. (Del. Bar No. 3262)
Kay Kyungsun Yu
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000 (telephone)
215.981.4750 (fax)

Attorneys for Defendants

Dated: February 16, 2007

## CERTIFICATE OF SERVICE

I, Phillip T. Mellet, hereby certify that on February 16, 2007 a true and correct copy of the foregoing Motion for Leave to File an Early Motion for Summary Judgment, Opening Brief, proposed Order, and appendix were served via ECF on the following:

>Pamela S. Tikellis
>Robert J. Kriner, Jr.
>A. Zachary Naylor
>Robert R. Davis
>CHIMICLES & TIKELLIS LLP
>One Rodney Square
>P.O. Box 1035
>Wilmington, DE 19899
>
>James R. Malone, Jr.
>Joseph G. Sauder
>CHIMICLES & TIKELLIS LLP
>One Haverford Centre
>361 West Lancaster Avenue
>Haverford, PA 19041
>Attorneys for Plaintiffs

>/s/ Phillip T. Mellet
>Phillip T. Mellet (Del. Bar No. 4741)