## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, <br><br> Defendants. | CIV. A. NO. 05-702 (SLR) (Lead Case) |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

This is an action alleging that Defendants' Cash Balance Sub Plan (the "Plan")
violates the Employee Retirement Income Security Act of 1974 ("ERISA"). In Count III of the
Complaint, Plaintiffs allege that the Plan violates ERISA § 204(b)(1)(H), 29 U.S.C. §
1054(b)(1)(H), which prohibits reductions in the "rate of benefit accrual because of the
attainment of any age." (D.I. 1, ¶¶ 48-50.) Defendants filed a Motion to Dismiss and on July 11,
2006, this Court ordered Defendants' Motion to Dismiss as to Count III of the Complaint be
stayed pending the issuance of an opinion from the Third Circuit in *Register v. PNC Financial
Servs. Group*, No. 05-3588. (D.I. 30 and 31.) The Court noted that a number of district court
opinions had reached conflicting results as to whether a cash balance plan design violates this
section of ERISA, and the Court declined to rule on the Motion to Dismiss until the Third Circuit
spoke to the issue in *Register* (a case also decided by the District Court on a Rule 12(b)(6)
motion). *Id.* at 6.

On January 30, 2007, the Third Circuit issued its opinion in *Register*, a copy of
which is attached as Exhibit A. *See Register v. PNC Financial Servs. Group, Inc.*, __ F.3d __,

2007 WL 222019 (3d Cir. 2006). In *Register*, the Court expressly rejected the position –

asserted by Plaintiffs here – that cash balance plans are *per se* illegal under ERISA §

204(b)(1)(H). *Id.* at *9-11. Following the Seventh Circuit's opinion in *Cooper v. IBM Pers.*

*Pension Plan*, 457 F.3d 636, 637 (7th Cir. 2006), *cert. denied*, 2007 WL 91579 (U.S. Jan. 16,

2007),[1] the Third Circuit held that cash balance plans do not violate ERISA's age discrimination

provision:

> [W]e reach the same conclusion as that of the court of appeals in
> *Cooper* for the reasons that follow. First, as we have explained,
> "cash balance plans define the benefit in terms of a stated account
> balance," not "as a series of monthly payments for life to begin at
> retirement" like a traditional defined benefit plan. [*Burstein v. Ret.*
> *Account Plan for Employees of Allegheny Health Educ. &*
> *Research Found.*, 334 F.3d 365, 370 n. 6 (3d Cir.2003).] Thus, the
> "benefit" as used in the phrase "benefit accrual" refers to the stated
> account balance as that is how the benefit is defined by cash
> balance plans. Once this proposition is grasped, it becomes clear
> that the "accrual" of "benefit" in [29 U.S.C.] section
> 1054(b)(1)(H)(i) refers to the credits deposited into the
> participant's cash balance accounts, *i.e.*, the inputs. If we
> concluded otherwise we simply would ignore the characteristic of
> a cash balance plan distinguishing it from a traditional defined
> benefits plan, *i.e.*, that a cash balance plan account is defined in
> terms of a stated account balance. Contrary to appellants'
> assertions, we do not believe that a cash balance plan's technical
> classification as a defined benefit plan compels us to disregard this
> critical distinction and thereby unreasonably interfere with
> employers in the crafting of pension plans. . . .
>
> In applying the anti-discrimination provision in the context of cash
> balance plans, which defines the benefit in terms of the cash
> balance account, we are concerned with what PNC puts into an
> employee's account, not what the employee eventually may obtain
> from the plan on retirement. In evaluating the plan's inputs, PNC
> does not reduce contributions (in the form of either earnings or

---

[1] Plaintiffs relied heavily in their Answering Brief upon the reversed District Court opinion in *Cooper*. (D.I. 16, at 25, 28.) Plaintiffs subsequently filed a Notice of Supplemental Authority urging this Court to follow the interpretation of ERISA § 204(b)(1)(H) set forth in *Richards v. Fleet Boston Financial Corp.* (D.I. 21.) *Register* expressly rejected the reasoning of the *Richards* court. *See Register*, 2007 WL 222019 at *7 (listing the *Richards* court as one of several district courts whose holdings were rejected).

> interest credits) to older employees.  The circumstance that the
> same contribution in the form of interest credits may result in a
> more valuable annuity for a younger employee is not
> discrimination in whole or in part based on age; rather it is the
> completely appropriate consequence of the application of an age-
> neutral principle to an accumulating account of the time value of
> money.

*Id.* at *9, 11.  Accordingly, the Third Circuit affirmed the lower court holding that the *Register*

plaintiffs failed to state a claim for relief under ERISA § 204(b)(1)(H).  *Id.* at *15.[2]

Plaintiffs have failed to state a claim and the Third Circuit's decision in *Register*

requires dismissal of their ERISA § 204(b)(1)(H) claim.  As Plaintiffs concede in their

Complaint, all of the inputs – Pay Credits, Interest Credits, and Transition Credits – into the Plan

either remain the same or *increase* with age.  (D.I., ¶¶ 25-28.)  Thus, per *Register*, there is no

reduction in the "rate of benefit accrual because of the attainment of any age" in violation of

ERISA § 204(b)(1)(H).  Count III of the Complaint should accordingly be dismissed with

prejudice.

---

[2] The Third Circuit also affirmed the dismissal pursuant to Rule 12(b)(6) of Defendant's alleged violations of ERISA § 204(h), which requires advance notice of certain pension plan amendments, and ERISA's anti-backloading rules.  *See Register*, 2007 WL 222019 at *11-13.  Plaintiffs in this action likewise assert claims under those same subsections of ERISA.  (D.I. 1, ¶¶ 42-45, 51-53.)

Respectfully submitted,

/s/ Phillip T. Mellet
M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
302.777.6500

Susan K. Hoffman
James Boudreau
LITTLER MENDELSON PC
Three Parkway
1601 Cherry Street
Philadelphia, PA  19102
267.402.3015 (telephone)
267.430.7275 (fax)

Larry R. Wood, Jr. (Del. Bar No. 3262)
Kay Kyungsun Yu
Barak A. Bassman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000 (telephone)
215.981.4750 (fax)

Attorneys for Defendants

Dated:  February 16, 2007

## CERTIFICATE OF SERVICE

I, Phillip T. Mellet, hereby certify that on February 16, 2007 a true and correct copy of the foregoing Notice of Supplemental Authority and exhibit was served via ECF on the following:

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Robert R. Davis
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

James R. Malone, Jr.
Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Attorneys for Plaintiffs

/s/ Phillip T. Mellet
Phillip T. Mellet (Del. Bar No. 4741)