UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, <br><br> Defendants. | C. A. NO. 05-702 (SLR) <br> (Lead Case) |

## NOTICE OF DEPOSITION AND SUBPOENA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action, by and through their undersigned attorneys, will take the deposition of Donald E. Cain.

The attached subpoena was served on Donald E. Cain by delivery to Susan Hoffman of Littler Mendelson, P.C. on April 4, 2007 via electronic mail and U.P.S. overnight delivery at Littler Mendelson, P.C., Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia PA 19102 pursuant to agreement among the parties, commanding Donald E. Cain to produce for copying and inspection on April 17, 2007 the documents identified by Exhibit A to the attached subpoena and to appear to testify by deposition on April 17, 2007 at 10:00 a.m.

The deposition of Mr. Cain will be taken on April 17, 2007 beginning at 10:00 a.m. and continuing until its completion. The deposition will be taken at the offices of Pepper Hamilton LLP, 1313 Market St., Suite 5100, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by stenographic means.

Dated: April 5, 2007                            **CHIMICLES & TIKELLIS LLP**

*/s/ signature/*

Pamela S. Tikellis (#2172)
Robert J. Kriner (#2546)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
302-656-2500 (telephone)
302-656-9053 (fax)

and

**CHIMICLES & TIKELLIS LLP**
James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES, et al.<br>V.<br>PEPCO HOLDINGS, INC., et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 05-702(SLR) |

TO: Donald E. Cain
c/o Susan Hoffman
Littler MEndelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP<br>1313 Market St, Suite 5100, Wilmington, DE 19899 | 4/17/2007 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP<br>1313 Market, St, Suite 5100, Wilmington, DE 19899 | 4/17/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* / attorney for plaintiffs | 4/3/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
A. Zachary Naylor
Chimicles & Tikellis LLP, One Rodney Square, Wilmington, DE 19899
(302)656-2500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | April 4, 2007 | Susan Hoffman, Little Mendelson, P.C. 1601 Cherry St., Phila, PA 19102 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Susan Hoffman | By agreement of parties, Ms. Hoffman accepted service on behalf of Mr. Cain by email and UPS delivery. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| A. Zachary Naylor | Attorney for Plaintiffs |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/5/07
            DATE

SIGNATURE OF SERVER

Chimicles & Tikellis, One Rodney Square
ADDRESS OF SERVER

Wilmington, DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN,<br><br>　　　　　　　　Defendants. | C. A. NO. 05-702 (SLR)<br>(Lead Case) |

### EXHIBIT "A"

### I. DEFINITIONS

1. "ACE" shall mean Atlantic City Electric Company, its predecessors and successors, and all of their officers, directors, employees, and agents.

2. "Delmarva" shall mean Delmarva Power & Light Company, its predecessors and successors, and all of their officers, directors, employees, and agents.

3. "ACE Plan" shall mean the Atlantic City Electric Company Retirement Plan.

4. "Delmarva Plan" shall mean the Delmarva Power & Light Company Retirement Plan.

5. "Conversion" shall refer to the transaction or transactions in which the ACE Plan and the Delmarva Plan were merged to form the Conectiv Plan and the Cash Balance Sub-Plan became effective.

## II. INSTRUCTIONS

The time period covered by the requested documents is from January 1, 1997 to the date of actually responding to these requests to produce, and shall include all documents and information which relate to the relevant time period, or to events and circumstances during such period, even though dated, predated, generated, or received prior to or subsequent to that period.

## III. DOCUMENTS REQUESTED

DOCUMENT REQUEST NO. 1.

All Documents and Communications relating to the approval of amendments to the ACE Plan, the Delmarva Plan or both in connection with the Conversion.

DOCUMENT REQUEST NO. 2.

All Documents, communications and/or handwritten notes relating to the July 1999 Informational Meetings discussing the Conversion.

DOCUMENT REQUEST NO. 3.

All Documents referring or relating to the Conversion.

DOCUMENT REQUEST NO. 4.

All Communications with employees relating to the Conversion.

Dated: April 3, 2007                          **CHIMICLES & TIKELLIS LLP**

*[signature]*

Pamela S. Tikellis (#2172)
Robert J. Kriner (#2546)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
302-656-2500 (telephone)
302-656-9053 (fax)

and

**CHIMICLES & TIKELLIS LLP**
James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs