UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, | ) ) ) ) ) | C. A. NO. 05-702 (SLR) (Lead Case) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs move to strike paragraphs 11, 17 and 18 of the declaration submitted by James R. Kremmel (D.I. 89 at A35-41), a December 18, 1998 email, as well as all of the exhibits allegedly attached thereto (D.I. 89 at A100-113), and the Expert Report of Ethan Kra. (D.I. 89 at A121-140). As grounds for this motion, and as stated more fully in the accompanying brief, plaintiffs move to strike on the following grounds:

1. Plaintiffs move to strike paragraphs 11, 17 and 18 of the Declaration of James Kremmel (D.I. 89 at A.35-41, ¶¶ 11, 17, 18). Although Rule 56(e) of the Federal Rules of Civil Procedure requires that "affidavits shall be made on personal knowledge," Mr. Kremmel acknowledged at his deposition that he lacked personal knowledge of the facts attested to in paragraphs 11 and 18 of his declaration. Further, examination of his deposition testimony demonstrates that he lacks personal knowledge of the statements made in paragraph 17 as well. As these three paragraphs of Mr. Kremmel's declaration are not made upon personal knowledge, they should be stricken under Federal Rule of Civil Procedure 56(e).

2.  Plaintiffs move to strike the December 18, 1998 email (D.I. 89) (App. at A-100-A-113), as well as all of the exhibits allegedly attached thereto. In order to establish that Plaintiff Ward's claims are time barred defendants rely solely on a single email allegedly sent to Ward on December 18, 1998. (D.I. 88 at 27). The defendants allege that three *Wall Street Journal* articles were attached to the email. (*Id.*). This email should be stricken because it has not been authenticated and is inadmissible hearsay.

3.  Plaintiffs move to strike the Kra Report because Kra's opinions expressed therein do not meet the reliability and fit requirements of Federal Rule of Evidence 702.

WHEREFORE, Plaintiffs respectfully request that this Court strike paragraphs 11, 17 and 18 of the Kremmel Declaration and the December 18, 1998 email, along with the exhibits allegedly annexed thereto, and the Kra Report.

Dated: June 19, 2007

**CHIMICLES & TIKELLIS LLP**

By: /s/ A. Zachary Naylor
Pamela S. Tikellis (#2172)
Robert J. Kriner (#2546)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
302-656-2500 (telephone)
302-656-9053 (fax)

and

James R. Malone, Jr.
(*pro hac vice*)
Joseph G. Sauder
(*pro hac vice*)
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8500 (telephone)
610-649-3633 (fax)

Attorneys for Plaintiffs