UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J. MICHAEL CHARLES; MAURICE W. WARD, JR.; and JOSEPH I. FINK, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PEPCO HOLDINGS, INC; CONECTIV, and PEPCO HOLDINGS RETIREMENT PLAN, <br><br> Defendants. | C. A. NO. 05-702 (SLR) <br> (Lead Case) |

**PLAINTIFFS' MOTION FOR A CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(f) OR FOR A PRECLUSION ORDER**

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, plaintiffs hereby move for a continuance of defendants' motion for summary judgment (D.I. 87-89), pending further discovery that has become necessary by reason of a change in the defendants' position on what plaintiffs need to establish in order to prevail on their claim that defendants violated Section 204(h) of ERISA. In the alternative, in accordance with the doctrines of judicial estoppel and the law of the case, plaintiff seek an Order precluding defendants from asserting a new position on what the plaintiffs need to prove to establish that defendants violated Section 204(h) of ERISA. As grounds for this motion, and as stated more fully in the accompanying brief, plaintiffs state as follows:

1.   Prior to the August 2, 2006 scheduling hearing in this matter, plaintiffs submitted a report on the parties' planning meeting that outlined their position on case management and the scope of discovery. In their report, the plaintiffs indicated that

they believed discovery into the reasons why the Cash Balance Sub-Plan was adopted and "the extent to which defendants expected the Cash Balance Sub-Plan to result in lower benefit accruals" would be needed, among other things. (D.I. 36 at 3). Plaintiffs also indicated that they would seek discovery relevant to the issue of remedies. (D.I. 36 at 4).

    2.    Following the conference, the parties submitted a Joint Proposed Scheduling Order, which listed, among the areas of relevant discovery that defendants "believed to be needed," the following:

> the extent to which defendants and/or plaintiffs expected the Cash Balance Sub-Plan to result in lower or higher benefit accruals; the communications from Conectiv to participants concerning adoption of the change; the nature and extent of the plan's liabilities to class members under the terms of the Cash Balance Sub-Plan and its predecessors; the rate at which participants have accrued benefits under the Cash Balance Sub-Plan for each plan year; and the appropriate remedies for defendants' alleged violations of ERISA

(D.I. 40, ¶ 2(b)). The Court entered the proposed order on August 8, 2006. (D.I. 41).

    3.    Plaintiffs propounded discovery to defendants that they considered relevant to "the extent to which defendants expected the Cash Balance Sub-Plan to result in lower benefit accruals" and to remedies. (Malone Decl., Ex. 1). Plaintiffs also issued subpoenas for documents to the defendants' actuarial consultants to obtain similar evidence. (Malone Decl., Exs. 2, 3).

    4.    On October 25, 2006, defendants moved for a protective order. (D.I. 60). The motion sought to restrict plaintiffs' discovery to what defendants considered "relevant to their non-stayed claims, i.e., the relevant Plan documents, notices provided,

and participant account statements." (D.I. 61 at 2). Defendants also sought to quash plaintiffs' documentary subpoenas to their actuarial consultants.

5.  On October 26, 2006, the Court held a discovery conference, at which the parties presented their opposing views on the appropriate scope of discovery. (D.I. 71; Malone Decl., Ex. 5). At that time, plaintiffs explained that they considered the disputed discovery relevant for two reasons: first, the defendants' state of mind and expectations in adopting the plan were relevant to the issue of remedies; second, plaintiffs considered the discovery relevant to determine whether the new plan was reasonably expected to change the amount of future benefit accruals. (D.I. 71 at 3-7; Malone Decl., Ex. 5 at 3-7). Defendants took the position that the discovery plaintiffs were seeking was likely relevant to the stayed claim under Section 204(b)(1)(H) of ERISA, but not to the other three counts of plaintiffs' complaints. (D.I. 71 at 9-11; Malone Decl., Ex. 5 at 9-11).

6.  On November 14, 2006, the Court issued an Order that limited defendants' written discovery obligations to the production of copies of the Cash Balance Sub-Plan, summary plan descriptions, annual reports on Form 5500 for the Cash Balance Sub-Plan, participant statements, and employee communications relating to the amendment creating the Cash Balance Sub-Plan. Plaintiffs' subpoenas to Towers Perrin and Watson Wyatt were also quashed. (D.I. 62).

7.  On August 3, 2007, defendants filed a single brief that served as the reply brief in support of their summary judgment motion and their brief opposing plaintiffs' cross-motion for summary judgment. (D.I. 102). At that time, defendants asserted that judgment should be entered in their favor on plaintiffs' non-stayed claims because

plaintiffs "have not shown that, *at the time of the amendment,* Defendants should reasonably have anticipated that [plaintiffs'] rate of future benefit accrual would decline." (D.I. 102 at 8 (emphasis in original)).

8.  As defendants now contend that the very discovery they successfully precluded plaintiffs from pursuing is an essential element of the plaintiffs' claim under Section 204(h) of ERISA, plaintiffs seek an Order vacating the Court's November 14, 2006 Order and deferring the disposition of defendants' motion for summary judgment pending further discovery, as more fully set forth in their accompanying brief and supporting declaration. Alternatively, plaintiffs seek an Order applying the doctrines of judicial estoppel and the law of the case to preclude defendants from asserting that plaintiffs have failed to prove facts relevant to defendants' state of mind concerning the adoption of the proposed plan, and their expectations on the level of benefits it would provide.

WHEREFORE, plaintiffs respectfully request that defendants' motion for summary judgment be deferred pending further discovery, in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, or that defendants be estopped from asserting that plaintiffs have failed to prove facts relevant to defendants' state of mind concerning the adoption of the proposed plan, and their expectations on the level of benefits it would provide.

Dated:  September 4, 2007                    Respectfully submitted,

**CHIMICLES & TIKELLIS LLP**

By: /s/ Scott M. Tucker
   Pamela S. Tikellis (#2172)
   Robert J. Kriner (#2546)
   A. Zachary Naylor (#4439)
   Scott M. Tucker (#4925)
   One Rodney Square
   P.O. Box 1035
   Wilmington, DE 19899
   302-656-2500 (telephone)
   302-656-9053 (fax)

and

**CHIMICLES & TIKELLIS LLP**
   James R. Malone, Jr.
   (*pro hac vice*)
   Joseph G. Sauder
   (*pro hac vice*)
   One Haverford Centre
   361 West Lancaster Avenue
   Haverford, PA 19041
   610-642-8500 (telephone)
   610-649-3633 (fax)

Attorneys for Plaintiffs